[No. 727.    October 2, 1897.]

## STERN & KRAUSS, Plaintiffs in Error, v. PAUL T. BATES, Defendant in Error.

JUDGMENT, FOREIGN—SEVEN YEAR LIMITATION—ACT FEBRUARY 24, 1891, LAWS 1891, P. 104, SEC. 2—STATUTORY CONSTRUCTION.—Held: That by section 2, of the act of 1891, it was the intention of the legislature to give holders of foreign judgments, existing at the time of the passage of the act, one year from that date within which to commence their actions, and if not brought within that period, then such actions to be forever barred; and the fact that defendant came into this territory for the first time three years after the time within which the right of action became barred, did not remove the bar, nor interrupt the continuous running of the statute.

ID.—COMP. LAWS, 1884, SEC. 1868—STATUTORY CONSTRUCTION.—Held: That section 1868, Laws 1884, providing that if, after a cause of action accrues, a defendant moves out of this territory, the time during which he shall be a non-resident of the territory shall not be included in computing any of the periods of limitations therein provided, applies to domestic judgments only.

*Error*, from a judgment for defendant to the Second Judicial District Court, Bernalillo County. Affirmed.

The facts are stated in the opinion of the court.

A. B. McMILLEN for plaintiffs in error.

Plaintiffs' second replication to defendant's third plea, should have been sustained as a valid defense. Comp. Laws 1884, sec. 1868.

The statute did not begin to run in defendant's favor until he became a resident of this territory in 1895.   Fou v. Romberdeau's Ex'r, 3 Cranch 177; Sohn v. Watterson, 17 Wall. 596; Richardson v. Mackay, 46 Pac. Rep. 546; McCann v. Randall, Id. 598, S. C. 9 A. S. R. 666.

A statute of limitation can not arbitrarily take from a creditor his right to sue without having first given reasonable opportunity to commence suit.   Brown v. Sauerwein, 10 Wall. 218; Hanger v. Abbott, 6 Id. 532; Montgomery v. Hernandez, 12 Wheat. 129.

JOHNSTON & FINICAL for defendant in error.

LAUGHLIN, J.—The plaintiffs in error filed this suit as an action in debt on the thirty-first day of October, 1896, in the district court for Bernalillo county, and alleged in their declaration that they were partners doing business under the firm name of Stern & Krauss, and that they recovered a judgment on the fourth day of March, 1888, in the city court of Birmingham, county of Jefferson, and state of Alabama, against this defendant, Paul T. Bates, and R. M. Bates, then partners doing business under the firm name and style of Bates Bros., in the sum of $993.81, no part of which said judgment has ever been paid; that said defendant, Paul T. Bates, was at the time of the bringing of this suit a resident of said Barnalillo county, N. M., but the residence of the plaintiffs, Stern & Krauss, is not disclosed in the declaration.   The defendant appeared, and pleaded:   First, the general issue; second, nul tiel record; and, third, the statute of limitations of seven years. The plaintiffs joined issues as to the first and second pleas, and demurred as to the third plea.   The demurrer was overruled by the court, and then plaintiffs filed their replication as to the third plea; and alleged:   First, that at the time the cause of action accrued to them the defendant was out of this territory, and that he afterwards, during the year 1895, came into this territory, and was for the first time within the jurisdiction of this court since the cause of action accrued, and that they

commenced their suit within seven years next after defend-
ant's arrival into this territory after the accrual of their said
cause of action; and, second, that immediately after the cause of
action accrued the defendant removed from this territory, and
did not return until the —— day of ——, 1895, during all of
which time the defendant was a nonresident of this territory,
and that said suit was begun within seven years after the cause
of action accrued to them, excluding the time the defendant
was such nonresident.    The defendant filed a motion to strike
from the files this replication on the ground of irrelevancy,
which motion was sustained; and, the plaintiffs electing to-
stand upon their pleadings, judgment was entered for defend-
ant.    The case is here upon plaintiff's errors assigned to the-
record.

This is an action in debt, brought upon a judgment ob-
tained by the plaintiffs in error against the defendant in error
on the fourth day of March, 1888, in the city
court of Birmingham, in the county of Jeffer-
son, in the state of Alabama, for the sum of
$993.81.    This action was commenced on the-
thirty-first day of October, 1896, in the district court for
Bernalillo county, this territory.    The defendant in error
pleaded the statute of limitations as a bar to the cause of action,.
and relies upon that statute as a complete defense, which is as
follows:    "Sec. 2.    Actions founded upon any judgment of
any court of the territory of New Mexico may be brought
within seven years from the rendition of such judgment, and
not afterwards, and actions founded upon any judgment of
any court of record of any other territory or state of the-
United States, or of the federal courts, may be brought within
seven years from and after the rendition of such judgment,
and not afterwards; provided, that actions may be brought
upon any existing judgment, which, but for this proviso, would
be barred within one year from and after the passage of this
act, and not afterwards; and all actions upon such judgments
not commenced within the time limited by this act shall be for-
ever barred."    Laws 1891, p. 104.    This statute was approved

FOREIGN judg-
ment: seven year
limitation: statu-
tory construction.

February 24, 1891, and was adopted in lieu of section 1861, Comp. Laws 1884, which is as follows: "Sec. 1861. Actions upon any judgment of any court of record of any state or territory of the United States, or the federal courts of the United States, within fifteen years" after the cause of action accrues. It will be observed that there is no limitation placed upon judgments obtained in New Mexico until by the act of 1891, supra, and under the proviso in the statute of 1891 suits might be brought upon any then existing judgment within one year from and after its passage; that is, at any time before the twenty-fourth day of February, 1892, and not afterwards. This proviso limited the time for bringing actions, upon all judgments then existing, whether barred or not, to one year from and after the date of its passage, and was intended to apply to then existing judgments, whether foreign or domestic; and the one year's time given within which to commence actions upon then existing judgments was intended to remove any constitutional objections to the act, and it gave suitors a reasonable time in which to begin their actions. Terry v. Anderson, 95 U. S. 628; Koshkonong v. Burton, 104 U. S. 668. The seven-years' limitation was intended to apply to all judgments obtained after the act became effective, and it does not apply to the then existing judgments. The ground stated in the plea of the statute of limitations is "that the supposed cause of action in said declaration mentioned did not accrue to the plaintiffs at any time within seven years next before the commencement of this suit." The replication to this plea is that the "defendant, at the time when the said cause of action accrued to the plaintiffs, was out of this territory, and that he, the said defendant, afterwards, to wit, on the —— day of ——, 1895, came to this territory for the first time since this cause of action accrued." By the replication it is seen that the defendant came into this territory for the first time during the year 1895. The statute began to run on the approval of the act, February 24, 1891, and the plaintiffs had one year from that time within

which to commence their action. This they did not do, because they say that they could not bring their action within the year given in the proviso, for the reason that the defendant did not come into the territory for the first time until about three years after the time within which to commence their action as prescribed in the proviso; and they contend that the statute did not begin to run against them until the defendant became a resident of this jurisdiction. This would be in effect, to hold that a foreign judgment creditor could maintain an action upon his judgment existing at the time the act of 1891 went into effect at any time within fifteen years from the date the right of action accrued under section 1861, supra, or at any time within seven years under the act of 1891. The first position would render the act of 1891 nugatory, and the last contention is untenable because the seven-year limitation is applicable only to judgment obtained after the act of 1891 became effective. Both contentions are contrary to the legislative intent, and the two acts, read and construed together, do not support the construction sought to be placed upon them, and we are of opinion that the plea interposed by the defendant below was good, and a bar to the action as stated.

We have been unable to find any decision directly in point, for the reasons that acts of limitation are purely statutory, and the numerous decisions on this subject are rested upon constructions of the particular statutes of the several states to which they refer, and because this appears to be the first case upon this particular statute which this court has been required to consider. It is manifest that the legislative intent was to give holders of foreign judgments existing at the time of the passage of the act one year from that date within which to commence their actions, and, if not, such actions should be forever barred thereafter. The fact that the defendant came into the territory for the first time three years after the time within which his right of action became barred we do not think removed the bar, or interrupted the continuous running of the statute. "A statute of limitations undoubtedly has effect upon actions which have already

accrued as well as upon actions which accrue after its passage. Whether it does so or not will depend upon the language of the act, and the apparent intent of the legislature to be gathered therefrom." Sohn v. Waterson, 17 Wall. 596.

2. The plaintiffs in error set up as a further ground in their replication "that immediately after said cause of action accrued the said defendant removed from this territory, and did not return thereto until the —— day of

Comp. Laws, sec. 1868, construed.

——, 1895, during all of which time the said defendant was a nonresident of this territory, and the cause of action was begun within seven years from the time said cause of action accrued, excluding the time said defendant was a nonresident." This allegation is inconsistent with the ground first stated in the replication for the reason that the first is that defendant for the first time came into the territory during the year 1895, and this allegation is that immediately after the accrual of the cause of action the defendant removed from the territory; and as the judgment was obtained in the state of Alabama, and as the declaration nowhere alleges the residence of the plaintiffs, the presumption would follow that all the parties were nonresidents until the defendant came into the territory during the year 1895. They contend that under this allegation the action was not barred, and cite in support of their contention the following statute of Comp. Laws 1884, to wit: "Sec. 1868. If, after a cause of action accrues, a defendant removes from the territory, the time during which he shall be a nonresident of the territory shall not be included in computing any of the periods of limitation above provided." This is a part of the statute of limitations passed January 23, 1880, and, as before shown, that act did not apply to domestic judgments, but to foreign judgments only. The phrases used in this section with respect to a defendant removing from the territory, and excluding the time while he is a nonresident, are meaningless, and can not apply to foreign judgment debtors. The plaintiffs contend that, upon the allegation last stated this statute was a valid defense. We think not, and

are of the opinion that section 1868, supra, does not apply to the cause at bar, in any respect whatever. The statute of 1891, supra, which now applies to domestic judgments, must be read into the old statute of 1880, and all construed together; and section 1868 may be construed with the act of 1891, and applied to domestic judgments only. We are of the opinion that the court below properly sustained the motion of defendant in striking out the replication of plaintiffs to their plea of the statute of limitations, and, there appearing no reversible error in the record, the judgment of the court below is affirmed.

Smith, C. J., and Hamilton and Bantz, JJ., concur.