HENRY HERBAGE, APPELLEE, V. JOSIAH B. FERREE ET AL., APPELLANTS.

FILED JULY 1, 1902.   No. 12,016.

Commissioner's opinion, Department No. 3.

Dormant Judgment: LIEN: DECREE FOR SPECIFIC SALE OF REALTY. Section 482 of the Code of Civil Procedure, which provides when a judgment shall become dormant and cease to operate as a lien on the real estate of the judgment debtor, does not apply to a decree for the sale of specific real property.

APPEAL from the district court for Douglas county. Heard below before WALTON, J.  *Affirmed.*

*Edward W. Simeral,* for appellants.

*Crane & Crane, contra.*

DUFFIE, C.

The defendants have appealed from an order confirming a sale màde under a decree of foreclosure.  The principal objection made to the confirmation, and the only one urged in this court, is the following: "For the reason that no execution or order of sale has been issued on said judgment or decree for more than five years last past."  The appellants insist that a decree of foreclosure becomes dormant if no steps are taken to enforce it for five years after its rendition, and that in this respect it is like a judgment at law.  We can not concur in this view.  The supreme court of Ohio, in construing a statute similar to our own, has said: "Section 422 of the Code, which provides when a judgment shall become dormant and cease to operate as a lien on the estate of the judgment debtor, does not apply to a decree for the sale of specific real property."  *Beaumont v. Herrick,* 24 Ohio St., 445.  And again, in *Moore v. Ogden,* 35 Ohio St., 430, it was held that a decree foreclosing a mortgage was not a judgment within the meaning of section 422 of the Ohio Code, and that such decree

did not become dormant by a failure to issue an order of
sale within five years.

Following these decisions, we recommend that the judg-
ment of the district court be affirmed.

AMES and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is

AFFIRMED.