ST. PAUL HARVESTER WORKS, APPELLANT, V. HENRY B. HUCKFELDT, APPELLEE.

FILED JULY 11, 1914.   No. 17,727.

Mortgages: FORECLOSURE: DECREE: DORMANCY. A decree of foreclosure of a mortgage in this state is not a judgment within the meaning of section 482 of the code of civil procedure, and does not become dormant by a failure to issue an order of sale within five years.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. A. Gardiner,* for appellant.

*John Snider* and *W. F. Button, contra.*

FAWCETT, J.

In 1884 defendant sold the north half of section 19, township 7, range 11, in Adams county, to one William Gardiner, and executed and delivered to him a warranty deed therefor. In 1885 the nominal plaintiff in this proceeding, St. Paul Harvester Works, commenced a suit to foreclose a mortgage upon the land described, which had been executed by defendant. Gardiner, to protect his interests in the land, first took a nine months' stay, and then paid the decree which had been entered in the foreclosure suit. Nothing further appears to have been done until June, 1909, when Gardiner filed a motion in the original foreclosure suit "to revive the judgment." A conditional order of revivor was entered, to which defendant answered. Upon hearing the matter, the district court dismissed Gardiner's application for revivor, from which order of dismissal this appeal is prosecuted.

In the briefs counsel on both sides concede that the only question before us on this appeal is whether a decree of foreclosure is a judgment within the meaning of section 482 of the code, which becomes dormant at the expiration of five years, and which may be revived in the same

manner as judgments under that section. It is needless to spend time discussing this proposition. It is foreclosed against Mr. Gardiner's contention in *Beaumont v. Herrick*, 24 Ohio St. 445, 457, and *Moore v. Ogden*, 35 Ohio St. 430, which cases are cited and followed by this court in *Herbage v. Ferree*, 65 Neb. 451, holding that a decree of foreclosure of a mortgage in this state is not a judgment within the meaning of section 482 of the code, and does not become dormant by a failure to issue an order of sale within five years.

AFFIRMED.