JENKINS LAND & LIVE STOCK COMPANY ET AL., APPELLANTS,
v. SAMUEL E. KIMSEY ET AL., APPELLEES.

FILED FEBRUARY 5, 1916.    No. 19283.

1. Mortgages: FORECLOSURE: DECREE: DORMANCY. A decree of foreclosure of a mortgage in this state is not a judgment within the meaning of section 8056, Rev. St. 1913. *St. Paul Harvester Works v. Huckfeldt,* 96 Neb. 552.

2. ——: ——: LIMITATIONS: ORDER OF SALE. A decree of foreclosure may be enforced without an order of sale, and the lien thereof is not lost by a failure to procure the issuance of such an order within five years from the date of the decree.

APPEAL from the district court for Dundy county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*J. H. Broady* and *Charles T. Jenkins,* for appellants.

*C. E. Eldred* and *Meeker & Hines, contra.*

BARNES, J.

This was an action to restrain the sale of certain real estate under a decree of foreclosure, on the ground that the decree was rendered more than five years next before the order of sale was issued, and to quiet plaintiffs' title. The trial court sustained a demurrer to the petition. The plaintiffs elected to stand upon their pleading and their action was dismissed. They have brought the case to this court by appeal.

The only question presented by the record is whether a decree of foreclosure is within the provisions of sections 8056 and 8088, Rev. St. 1913, relating to dormant judgments, and providing when a judgment shall cease to be a lien on real estate. It is hardly necessary to set forth the sections above mentioned for their provisions are well known.

Plaintiffs contend that the decisions of this court in *Herbage v. Ferree*, 65 Neb. 451, *Medland v. Van Etten*, 75 Neb. 794, and *St. Paul Harvester Works v. Huckfeldt*, 96 Neb. 552, are unsound and should be overruled and a contrary rule should be established. Those decisions are based on *Beaumont v. Herrick*, 24 Ohio St. 445, and *Moore v. Ogden*, 35 Ohio St. 430. We have re-examined those cases and are convinced that they contain a correct statement of the law. It is there held that a decree finding the amount due on a mortgage, and ordering the sale of the real estate described therein, is not a judgment within the meaning of section 422 of the Ohio Code, which provides when a judgment shall become dormant. The Code of Ohio relating to the foreclosure of mortgages is practically the same as our own. Our Code provides that the action shall be commenced in the district court; that the petition must allege that no proceedings at law have been had, or commenced, to recover the mortgage debt; that the court shall find the amount due on the mortgage, and order the mortgaged premises sold for the satisfaction of that amount, with interest and costs. No judgment can be rendered by the court until after a confirmation of the sale,

when the court may render a judgment for a deficiency, if any exists. The action is still pending and no final judgment can be rendered until the sale is confirmed, when, if there be a deficiency, a personal judgment may be rendered therefor upon which an execution may be issued. *Parmele v. Schroeder*, 59 Neb. 553; *Alling v. Nelson*, 55 Neb. 161. In *Jarrett v. Hoover*, 54 Neb. 65, it was said: "A decree of foreclosure may be executed without order of sale. If one be issued, it cannot limit the power conferred by the decree."

Counsel for plaintiffs cite a Kansas case and one from Michigan in support of their contention that a decree of foreclosure is embraced in the provisions of the statute above mentioned. It appears from examination of the Kansas statutes that in that state a final judgment is rendered against the mortgagor in the first instance, and the mortgaged premises are sold under a special execution issued for that purpose. No provision is found in the statutes for the entry of a deficiency judgment. In Michigan a mortgage containing a power of sale is foreclosed by the publication of a notice for that purpose. Therefore the decisions of those states do not support the plaintiffs' contention. We are of opinion that our former decisions are right, and should be adhered to.

The judgment of the district court is

AFFIRMED.