## CROWELL v. KOPP.

### SYLLABUS BY THE COURT.

1. Any action on the part of a defendant, except to object to the jurisdiction of the court, which recognizes the case as pending in the court will amount to a general appearance.
P. 148

2. The effect of a general appearance after judgment is to waive all questions as to the jurisdiction of the person of the defendant at the time of the rendition of the decree.    P. 148

3. A general appearance after decree of foreclosure of a mortgage precludes a defendant from raising questions as to errors in the judgment.                                P. 148

4. Sections 2190, 2191, 3085, 3086, 3347, and 4185, Code 1915, interpreted, and held that a decree of foreclosure of a mortgage is not such a judgment as falls within the terms of the statute, which renders a judgment dormant after five years from its rendition, nor does such a decree become inoperative after seven years from its rendition.          P. 149

5. The words "final process" as used in Code 1915, § 3085, which provides that it shall not be necessary to bring proceedings to revive a judgment obtained in a court of competent

jurisdiction, except in cases where such judgment had been rendered for a period of five years or more next preceding the issue of "final process," mean "execution" which, in turn, means a writ enforceable against the property of defendant.

P. 150

Appeal from District Court, Santa Fe County; Holloman, Judge.

Suit by Eleonora Warning Crowell against Augusta Kopp on a note and to foreclose a mortgage. Decree for plaintiff, and, from an order vacating an order appointing a second special master to make sale, plaintiff appeals. Reversed and remanded, with instructions.

FRANCIS C. WILSON, of Santa Fe, for appellant.

CATRON & CATRON, of Santa Fe, for appellee.

### OPINION OF THE COURT.

PARKER, C. J. A decree was rendered on March 21, 1911, for the sum of $437.40 and $50 attorney's fees and costs, against appellee upon a promissory note and for the foreclosure of a mortgage given to secure the same. The special master appointed in the decree to make sale of the property having removed from the state, another person was substituted by a subsequent order entered March 16, 1918, and he proceeded to advertise the property for sale. The appellee appeared in the cause, and moved to vacate the order appointing said last special master, and to hold for naught the publication of said notice of sale, which motion was granted on June 19, 1918. Appellant has appealed from this judgment.

There were two motions filed by appellee to vacate and set aside the order appointing the special master to make the sale. The first motion was upon the ground that the judgment, having been rendered on the 21st day of March, 1911, became dormant upon the 21st day of March, 1916, five years thereafter, and that, no suit having been brought since the date of the judgment to revive the same, the judgment had become absolutely dead.

A second and additional motion to vacate said order was filed later, and attacked the sufficiency of the summons and the return thereon. It also attacked the original judgment in the case upon the ground that it was for $6.26 too much as to attorney's fees. It further attacked the original judgment upon the ground that there was no authority in plaintiff's assignor, as administrator, to assign the note and mortgage in question to the plaintiff, and that the plaintiff therefore had no right to maintain the action.

[1] It thus appears that the appellee moved the court to vacate the order appointing the special master to make the sale, not only upon the ground that there was no jurisdiction obtained of the defendant, by reason of defects in the summons and its service, but she also founded her motion upon the ground that the original judgment was invalid for the reason that it was rendered for too large an amount, and for the reason that the appellant was not entitled to maintain the action, and upon the ground that the statute of limitations had run against the judgment. This was a general appearance on the part of the appellee. Any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance. Dailey v. Foster, 17 N. M. 377, 128 Pac. 71; Boulder Sanatorium v. Vanston, 14 N. M. 436, 94 Pac. 945; Fowler v. Continental Casualty Co., 17 N. M. 188, 124 Pac. 479.

[2] The effect of this general appearance was to waive all questions as to the jurisdiction of the person of the defendant, and the discussion in the briefs as to the validity of the summons and of the return thereon becomes of no importance. The appellee is to be deemed to be in the same position as any ordinary defendant who has defaulted, and against whom judgment, with jurisdiction, has been taken. Fowler v. Casualty Co., 17 N. M. 188, 124 Pac. 479.

[3] As to the objection to the judgment that it was for $6.26 too much, and that there was no valid assign-

ment of the note and mortgage to the plaintiff, no juris-
dictional question is involved. If the action of the court
was objectionable, the action was simply erroneous and
not void. Such an objection would be available only in
some direct attack upon the judgment, as by appeal.
The judgment bound the parties as to all matters de-
termined by it, and became a finality as to all issues
before it. There was jurisdiction of the subject-matter,
and in view of the subsequent general appearance of the
defendant there was, viewing the parties as in their
present status, jurisdiction of the person of the defend-
ant. The judgment was no longer open to collateral
attack. 19 R. C. L. Mortgages, § 368. This being the
case, the two objections mentioned are not for considera-
tion.

[4] There remains the question in regard to the
statute of limitations. Counsel relies upon sections 3085,
3086, and 3347, Code 1915, which are as follows:

"Sec. 3085. It shall not be necessary to bring proceedings
in any court to revive a judgment having been already ob-
tained before a court of competent jurisdiction in this state
except in cases where such judgment had been rendered for
a period of five years or more next preceding the issue of final
process for the enforcement of the same.

"Sec. 3086. An execution may issue at any time on behalf
of any one interested in such judgment referred to in the
above section, within five years after the rendition thereof,
and without the necessity of bringing an action to revive the
same."

"Sec. 3347. Actions founded upon any judgment of any
court of the state of New Mexico may be brought within seven
years from and after the rendition of such judgment, and not
afterward, and actions founded upon any judgment of any
court of record of any other state or territory of the United
States, or of the federal courts, may be brought within seven
years from and after the rendition of such judgment, and not
afterward."

Section 3347 has no bearing upon the question. This
proceeding is not an action on the judgment any more
than an execution to enforce a common-law judgment
would be an action on the judgment. The section refers
to and controls actions in regular form, brought upon

judgments to revive them or to recover upon them or upon foreign judgments, and the like.

Sections 3085 and 3086 come from chapter 61, Laws 1887. Previous to the passage of this chapter we had no statute enlarging the time beyond the common-law year and a day within which execution might issue on a judgment. The chapter merely enlarged the time within which execution might issue without first reviving the judgment.

The question recurs, however, as to the meaning of the words "execution" and "final process" as used in the statute. The word "execution" was first used in our laws in the Kearny Code, and the same now appears as section 2190, Code 1915, as follows:

"The party in whose favor any judgment, order or decree in any court may be returned, shall have execution therefor in conformity to the order, judgment, or decree."

This section by its terms evidently contemplates the issuance of execution for the enforcement of money judgments at law, and also orders and decrees in equity. Just what is meant by the section more clearly appears from section 2191, Code 1915, which is also from the Kearny Code, as amended, as follows:

"The execution shall be against the goods, chattels and lands of the defendant against whom the judgment order or decree shall be rendered: Provided, that executions from justices of the peace shall not go against lands."

[5] It appears from this section that the execution provided for is one which may run against the property of the defendant generally, and is not one for the enforcement of liens upon specific property, such as mortgages and the like. Confirmation of this distinction is found in section 2195, Code 1915, where sales under execution and sales under other process are mentioned, and in section 2198, Code 1915, where sales under execution and sales under orders or decrees are mentioned. The words "final process" as used in section 3085, supra,

might well be held to include an order of sale of mortgaged property under decree of foreclosure if its section stood alone, but, taken in connection with section 3086, it seems clear that the "final process" intended is the "execution" mentioned in the latter section. The words are used with reference to the same kind of a judgment by the express terms of the section. This being true, the words "final process" mean "execution", which in turn means a writ enforceable generally against the property of the defendant. An order of sale of mortgaged property is thus excluded from the operation of the statute. It follows that there is no statute of limitations in this jurisdiction applicable to the enforcement of a decree of foreclosure of a mortgage.

Other states have considered this question in connection with similar statutes. In Ohio it is held that there is no limitations upon a decree of foreclosure, for the reason that it is not a judgment within the meaning of the statute in that state, providing a five-year limitation upon judgments. See Beaumont v. Herrick, 24 Ohio St. 445; Morre v. Ogden, 35 Ohio St. 430. The Ohio cases have been followed in Nebraska. See Herbage v. Ferree, 65 Neb. 451, 91 N. W. 408; Jenkins, etc., Co. v. Kimsey, 99 Neb. 308, 156 N. W. 499. See, also, Fowler v. Bank of Americus, 114 Ga. 417, 40 S. E. 248, where it is likewise held that decrees of foreclosure are not within the Dormant Judgment Act of that state. The reason for the conclusion in Georgia is somewhat different from that assigned in Ohio, and Nebraska, it being founded upon the proposition that the Dormant Judgment Act was designed to do away with stale judgments which created liens upon all of the debtor's property, while a decree of foreclosure of a mortgage created no general lien, and was therefore not intended to be within the terms of the statute.

In California the opposite conclusion is reached, based upon the phraseology of their statute, which draws a distinction between a judgment for the recovery of money and other judgments. Under this statute the

California court holds that, while a decree of foreclosure is not strictly a personal judgment against the party indebted, it is nevertheless a judgment to enforce the payment of money, and that therefore it falls within the Dormant Judgment Act. See Dorland v. Hanson, 81 Cal. 202, 22 Pac. 552, 15 Am. St. Rep. 44; Jacks v. Johnston, 86 Cal. 384, 24 Pac. 1057, 21 Am. St. Rep. 50. In Kansas a like conclusion is reached as in California, based upon the statutory definition of a judgment in the Kansas Code. See State ex rel. Henry v. McArthur, 5 Kan. 280; Watson v. Keystone Iron Works Co., 70 Kan. 61, 78 Pac. 156. The definition in the Kansas Code referred to is that "a judgment is the final determination of the rights of the parties in an action." Code Civ. Proc. § 393 (Gen. St. 1915, § 7297). It is therefore held in that state that a decree of foreclosure is a judgment, and as such falls within the terms of the Dormant Judgment Act of that state. Unlike the Kansas Code, our Code still preserves, at least recognizes, the distinction between a judgment and a decree. See section 4185, Code 1915.

So far as we have observed, in those states where decrees of foreclosure are held to become dormant the same as ordinary money judgments, it is because of some particular phraseology of their statute which is not present in ours.

It follows from the foregoing that the district court was in error in vacating the order appointing the special master to make the sale of the mortgaged property, and the judgment should be reversed, and the cause remanded to the district court, with instructions to proceed in accordance herewith; and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.