IN RE APPLICATION OF MILLER.

EMMA GLADYS CLARKE, INTERVENER, APPELLEE, V. ROBERT L. CLARKE, APPELLANT: LOUISA GERTRUDE CLARKE MILLER, EXECUTRIX, ET AL., APPELLEES.

297 N. W. 91

FILED MARCH 21, 1941.   No. 30971.

*Sterling F. Mutz,* for appellant.

*Robert M. Armstrong* and *Munger & Rhodes, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is a suit in equity brought in the district court for Nemaha county by Emma Gladys Clarke to impress a lien upon the interest of Robert L. Clarke in the estate of Sarah Elizabeth Clarke, his mother. As a result of a partition sale, the interest of Robert L. Clarke was determined to be $434.86, which amount is being held until the result of this suit is determined. The trial court held that Emma Gladys Clarke had a valid lien on the fund and ordered it paid to her. From this order the defendant, Robert L. Clarke, appeals.

The record shows that on August 20, 1928, Emma Gladys Clarke obtained a divorce from Robert L. Clarke, by the terms of which he was required to pay $15 a month to the plaintiff for the support of their two minor children, Glen and Earl. An execution was issued on August 29, 1928, in an attempt to collect the amount then due under the decree, which was returned wholly unsatisfied. On June 26, 1934, the decree was transcribed to and filed in the office of the clerk of the district court for Nemaha county. The decree was again transcribed and filed in Nemaha county on February 3, 1939. The only payments shown to have been made on the decree are $30 on October 6, 1928, $15 on October 23, 1928, $8 on April 22, 1931, and $10 on September 30, 1934. It is alleged that the sum of $1,110.90 remains due and unpaid, and that this amount is a lien upon the interest of Robert L. Clarke in the estate of his mother.

Appellant contends that the decree awarding support money for the care and maintenance of the minor children can be enforced only by the tribunal which granted it. This court had adopted a contrary view. In a similar case we stated that such a decree in favor of the wife, awarding $15 a month during the minority of two children, where the term of court has ended and there have been no proceed-

ings to review or revise, is a final judgment and becomes a lien upon the real estate of the husband in another county upon the filing of the transcript of the judgment in such county. *Wharton v. Jackson,* 107 Neb. 288, 185 N. W. 428. See *Cipera v. Chmelka,* 87 Neb. 482, 127 N. W. 874. See, also, Comp. St. 1929, sec. 42-319. It is fundamental that a real estate lien is ordinarily enforceable in the county where the property is located.

Appellant contends that the statute of limitations is a bar to a recovery for the support of Glen Clarke due to the fact that he reached his majority more than five years prior to the filing of the petition in intervention in this suit. The contention is also advanced that the statute of limitations begins to operate against each instalment as it accrues. A decree for child support in a divorce action is not a judgment within the meaning of section 20-1515, Comp. St. 1929, which provides that a judgment on which execution has not issued for five years shall become dormant and shall cease to operate as a lien on real estate, nor is it a judgment within the meaning of section 20-1420, Comp. St. 1929, which provides for the revivor of a dormant judgment. This court has held that a decree of foreclosure of a mortgage is not a judgment within the meaning of section 20-1515, Comp. St. 1929. *Jenkins Land & Live Stock Co. v. Kimsey,* 99 Neb. 308, 156 N. W. 499. We have also held that such section of the statute does not apply to a decree for the sale of specific real property. *Herbage v. Ferree,* 65 Neb. 451, 91 N. W. 408. An examination of the opinions in those cases reveals that decisions of the supreme court of Ohio under a similar statute were relied on and followed. An examination of the decisions of that state on the point now before us discloses that the rule herein announced is supported by the holdings in *Lemert v. Lemert,* 72 Ohio St. 364, 74 N. E. 194, and *Peeke v. Fitzpatrick,* 74 Ohio St. 396, 78 N. E. 519. We conclude that the statute of limitations is not a defense under the record in this case.

Appellant contends that the petition in intervention should have been dismissed because of a failure to plead

and prove that intervener had no adequate remedy at law. We think it is self-evident that intervener had no adequate legal remedy. She had a valid lien on the interest of Robert L. Clarke in the real estate. The land had been ordered sold in a partition proceeding. Unless her rights were asserted they would be endangered. Certainly, intervener should be permitted to assert her lien under such circumstances without pleading or proving that she had no adequate remedy at law. She is entitled to the benefit of the lien given her by section 42-319, Comp. St. 1929, regardless of other available remedies, it being an express statutory remedy, cumulative in character.

The trial court found that the "judgment and decree have not been paid and satisfied and that there is due to the intervener thereon from the defendant, Robert L. Clarke, a sum greatly in excess" of defendant's share in the estate. The original divorce decree provides "that the defendant pay into the office of the clerk of this court for the support and maintenance of the said minor children the sum of $15 per month beginning on this date." The decree discloses that there were two minor children. The period for which the payments are to be made is not provided by the decree, nor are the ages of the minor children or the dates on which they reach their majority stated. From an examination of the decree itself we are unable to determine the amount due thereon. Intervener offered evidence to establish the amount due under the divorce decree by showing that Glen and Earl Clarke reached their majorities on July 27, 1932, and September 13, 1937, respectively. We think this was a proper procedure. While the only court having jurisdiction to modify the decree is the court in which such decree was entered, yet the parties are privileged to show the termination of the decree by evidence dehors the record. The authority conferred by statute to provide in a divorce decree for the support of children of the marriage has application only to minor children. The plain meaning of the statute as to children is that provision for their maintenance shall be limited to the period of

minority. Words to that effect are a part of the statute by necessary implication. The allowance of child support to a wife necessarily terminates when the children reach their majority by operation of law. The termination of the decree may be shown by evidence in the foreclosure proceeding in the same manner as proof of payment of the decree or satisfaction of the lien may be shown in such action. In a similar case the Wisconsin supreme court said: "Since evidence *aliunde* the record was necessary to show the fact that the lien created by the judgment to enforce payment to the plaintiff on account of the maintenance of the children had been fully discharged by payment for the full period of their minority, as directed, it was proper to apply to the court for a formal order adjudging such satisfaction and discharging the judgment in that regard. Upon the proofs made such an order should have been granted." *Boehler v. Boehler,* 125 Wis. 627, 104 N. W. 840.

Appellant contends that the allowance should be reduced from $15 to $7.50 when the elder of the two children reached his majority. This amounts to a modification of the decree over which the court entering it has exclusive jurisdiction. Where an award for child support is made in one amount for each succeeding month for more than one child, it will be presumed to continue in force for the full amount until the youngest child reaches his majority. The proper remedy, if this be deemed unjust, is to seek a modification of the decree in the court which entered it on the basis of the changed circumstances.

Appellant also urges that the minor children became self-supporting, or partially so, at the age of 19 years. This also is a matter which, if established, would call for a modification of the decree in the court which entered it. It cannot be properly asserted in this proceeding.

The amount due on the decree, including attorney's fees and costs, is $1,370.90, not including interest. Payments admitted by the pleadings and shown by the evidence are $63, leaving a balance due of $1,307.90. Intervener having a lien for this amount against defendant's interest in the

land, the trial court properly ordered his interest amounting to $434.86 applied as a payment on the decree.

AFFIRMED.