824 P.2d 1073

**Robert FISCHOFF, Plaintiff–Appellee,**

v.

**Joseph Anthony TOMETICH, Jr., Defendant–Appellant.**

**No. 11832.**

Court of Appeals of New Mexico.

Dec. 16, 1991.

. Daniel J. O'Friel, Linda Martinez–Palmer, Law Offices of Daniel J. O'Friel, Ltd., Santa Fe, for plaintiff-appellee.

Richard S. Lees, Scheuer & Engel, P.C., Santa Fe, for defendant-appellant.

## OPINION

BLACK, Judge.

### FACTS

On September 29, 1980, Plaintiff obtained a judgment against Defendant in the amount of $8,263.25, including costs. Plaintiff filed interrogatories in aid of execution on January 30, 1981. The judgment was docketed on February 2, 1981. Although not reflected in the record before us, Plaintiff alleges he brought a second complaint seeking foreclosure of the judgment lien. On July 25, 1989, Plaintiff obtained the writ of execution which is the subject of the present proceeding.

■ The district court initially entered an order staying the writ of execution. At the hearing on the motion to quash the writ Defendant argued that NMSA 1978, Section 39–1–20, prohibited the execution because more than seven years had passed since rendition of the 1980 judgment. The district court found Section 39–1–20 "was repealed by implication" by the 1983 amendment to Section 37–1–2 and refused to quash the writ.

### THE STATUTES

Section 39–1–20. **Execution after judgment.**

An execution may issue at any time, on behalf of anyone interested in a judgment, within seven years after the rendition or revival of the judgment.

Section 37–1–2. **Judgments.**

Actions founded upon any judgment of any court of the state may be brought within fourteen years from the date of the judgment, and not afterward. Actions founded upon any judgment of any court of record of any other state or territory of the United States, or of the federal courts, may be brought within the applicable period of limitation within that jurisdiction, not to exceed fourteen years from the date of the judgment, and not afterward.

NMSA 1978, § 37–1–2 (Repl.Pamp.1990), *amended by* 1983 N.M. Laws, ch. 259, § 1.

### ISSUE

May a judgment creditor execute on a judgment more than seven years after its entry?

### DECISION

■ Repeal by implication is disfavored and legislative enactments, even when arguably contradictory, should be construed, when possible, so as to give effect to both. *Clothier v. Lopez*, 103 N.M. 593, 711 P.2d 870 (1985). We conclude that Section 37–1–2 (amended 1983) allows a judgment creditor to bring an action to revive a judgment for a period of fourteen years after its entry. Pursuant to Section 39–1–20, execution may issue at any time within seven years after the rendition or revival of the judgment.

Because Plaintiff's attempted execution occurred more than seven years after the judgment was rendered, we hold that it is barred unless he brings an action to revive the judgment within fourteen years of the rendition of judgment. We therefore reverse the district court and remand with instructions to enter an order quashing Plaintiff's writ of execution, without prejudice.

### THE ARGUMENTS

Defendant argues that Section 39–1–20 is controlling and limits the remedy of execution to the seven-year period following entry of a judgment. Plaintiff argues that, since an execution is an action founded upon a judgment, Section 37–1–2 should govern. Defendant responds that a specific statute should be given effect over a

conflicting general statute. *See, e.g., Matter of Rehabilitation of W. Investors Life Ins. Co.*, 100 N.M. 370, 671 P.2d 31 (1983). Therefore, he concludes the district court erred in failing to quash the writ of execution issued more than seven years after the rendition of the judgment.

Defendant further notes that since the judgment was filed in 1980 and the limitation contained in Section 37–1–2 was not extended until 1983, even if that statute applied, the seven-year statute of limitation in effect at the time of the entry of the judgment would bar Plaintiff's execution nine years later. Plaintiff contends that when the 1983 legislature amended Section 37–1–2 to extend the limitation period to fourteen years, it overlooked the fact that the limitation period on executions was still seven years. Defendant counters that historically the statutory limitation period for execution on judgments has been different than the limitation period for actions on judgments, so the 1983 legislature likely intended to maintain this tradition. While we cannot agree totally with either party, we do agree with Defendant that the solution to the present controversy lies in the historical relationship of these two statutes of limitation and the intent of the 1983 legislature.

## EXECUTION IS NOT AN ACTION FOUNDED UPON A JUDGMENT WITHIN THE MEANING OF SECTION 37–1–2

■ Plaintiff's argument that execution is an action on the judgment and therefore subject to the limitation period of Section 37–1–2 was disposed of long ago in *Crowell v. Kopp*, 26 N.M. 146, 189 P. 652 (1919). Judgment in *Crowell* was entered in 1911 upon a promissory note and foreclosing a mortgage. In 1918 a special master was appointed. The special master proceeded to advertise the property for sale. Defendant moved to vacate the order appointing the special master on the ground that, pursuant to statute, the judgment was dormant after five years and no suit having been brought to revive the judgment, it was "absolutely dead." *Id.* at 147, 189 P. at 652. As in the present case, counsel for the judgment creditor in *Crowell* argued for application of the general statute of limitations for "[a]ctions founded upon any judgment," then governed by NMSA 1915, Section 3347.[1] *Id.* at 149, 189 P. at 653. The supreme court disposed of this contention with language that is likewise dispositive of Plaintiff's argument in the present case:

> Section 3347 has no bearing upon the question. This proceeding is not an action on the judgment any more than an execution to enforce a common-law judgment would be an action on the judgment. The section refers to and controls actions in regular form, brought upon judgments to revive them or to recover upon them or upon foreign judgments, and the like.

*Id.* at 149–50, 189 P. at 653.

The time in which execution on a judgment may issue is therefore clearly not governed by the limitation period set forth in Section 37–1–2 and we must reject Plaintiff's argument to the contrary.

## A JUDGMENT CREDITOR MAY FILE AN ACTION TO REVIVE HIS JUDGMENT, THEN OBTAIN EXECUTION WITHIN SEVEN YEARS FOLLOWING REVIVAL

■ In *Crowell*, however, the supreme court went on to examine the operation of the more specific limitation statute for execution on judgments. At the time of the *Crowell* decision, and indeed until 1983, the limitation period for execution was controlled by two sequential statutes originally promulgated in the Kearney Code. The *Crowell* court set forth the statutory

---

1. *Crowell* involved an interpretation of NMSA 1915, Section 3347, the predecessor to Section 37–1–2. Before Section 37–1–2 was amended in 1983, its language was virtually identical to that of NMSA 1915, Section 3347, and the only change in 1983 was to expand the statute of limitations from seven to fourteen years. The word "action" was interpreted in *Crowell* in the narrow sense of "procedures in court." In the broader sense, an execution could be considered an action taken in connection with a judgment. However, we believe *Crowell's* interpretation of the phrase "action on a judgment" controls our interpretation of Section 37–1–2. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973).

scheme then embodied in NMSA 1915, Sections 3085 and 3086:

> Sec. 3085. It shall not be necessary to bring proceedings in any court to revive a judgment having been already obtained before a court of competent jurisdiction in this state except in cases where such judgment had been rendered for a period of five years or more next preceding the issue of final process for the enforcement of the same.

> Sec. 3086. An execution may issue at any time on behalf of any one interested in such judgment referred to in the above section, within five years after the rendition thereof, and without the necessity of bringing an action to revive the same.

26 N.M. at 149, 189 P. at 653. The *Crowell* court explained the interaction of these two provisions as follows:

> Sections 3085 and 3086 come from chapter 61, Laws 1887. Previous to the passage of this chapter we had no statute enlarging the time beyond the common-law year and a day within which execution might issue on a judgment. The chapter merely enlarged the time within which execution might issue without first reviving the judgment.

26 N.M. at 150, 189 P. at 653.

Because Section 3086 is the predecessor to Section 39–1–20, *Crowell* dictates that Section 39–1–20 prohibits execution on a judgment more than seven years after its issuance or revival. We believe, however, that Plaintiff is free to pursue his execution remedy through a different procedure. Clearly, Section 39–1–20 prohibits a judgment creditor from merely obtaining a writ of execution more than seven years after rendition of the judgment, *unless that judgment has been revived. See Crowell v. Kopp,* 26 N.M. 146, 189 P. 652 (1919). Nothing in *Crowell,* or Section 39–1–20, prohibits a judgment creditor from seeking execution following revival. A judgment creditor such as Plaintiff may therefore rely upon an action for revival of his judgment. *Bailey v. Great W. Oil Co.,* 32 N.M. 478, 259 P. 614 (1927) (a judgment creditor has the option of executing or filing revival action).

██ The issue in this case, then, must focus on how long Plaintiff had to file a revival action under Section 37–1–2. Defendant argues that at the time the judgment was entered in 1980, Section 37–1–2 allowed an action to be brought on a judgment for a period of only seven years. Plaintiff therefore should be precluded from relying upon the fourteen-year period created by the 1983 amendment, reasons Defendant. He relies on *Stern & Krauss v. Bates,* 9 N.M. 286, 50 P. 325 (1897), *overruled on other grounds by Lindauer Mercantile Co. v. Boyd,* 11 N.M. 464, 70 P. 568 (1902), to support his contention that, absent an expression of legislative intent to the contrary, amendments to statutes of limitations governing actions on judgments do not apply to existing judgments. While we note dicta in much more recent cases of this court [2] and our supreme court [3] appear to assume that the statute of limitation in effect at the time of the filing of the action is controlling,[4] we do not find it necessary to resolve the question here because we believe the 1983 legislature intended to allow the extended period of Section 37–1–2 to permit execution after revival of existing judgments.

Prior to its repeal in 1983, Section 39–1–19, the companion to Section 39–1–20, allowed a judgment to be revived by filing "a transcript of the docket of the judgment in the office of the county clerk of the county in which the judgment was entered, before the expiration of the limitation upon actions founded upon judgments as provided by Section 37–1–2 NMSA 1978." NMSA 1978, § 39–1–19. The purpose of this statute was to replace common law revival suits

---

2. *Dolezal v. Blevins,* 105 N.M. 562, 563, 734 P.2d 802, 803 (Ct.App.1987).

3. *Britton v. Britton,* 100 N.M. 424, 429, 671 P.2d 1135, 1140 (1983).

4. Nor do we necessarily agree with Appellant that applying the amendment to permit suit based upon matters which occurred before its effective date is a "retroactive" application. *See Prager v. Prager,* 80 N.M. 773, 461 P.2d 906 (1969).

with the simpler, less expensive act of merely filing a transcript of judgment. *Peerless Ins. Co. v. Davis,* 96 N.M. 726, 634 P.2d 1278 (1981).

In 1983 the act amending Section 37–1–2 also changed this long-standing relationship between revival procedure and the limitation period for execution on a judgment. In that year, the legislature adopted Senate Bill 5, which provided:

Section 1. Section 37–1–2 NMSA 1978 (being Laws 1891, Chapter 53, Section 2, as amended) is amended to read:

"37–1–2. JUDGMENTS.—Actions founded upon any judgment of any court of the state may be brought within fourteen years from the date of the judgment, and not afterward. Actions founded upon any judgment of any court of record of any other state or territory of the United States, or of the federal courts, may be brought within the applicable period of limitation within that jurisdiction, not to exceed fourteen years from the date of the judgment, and not afterward."

Section 2. REPEAL.—Section 39–1–19 NMSA 1978 (being Laws 1887, Chapter 61, Section 1, as amended) is repealed.

Section 3. SAVING CLAUSE.—Nothing in this act shall be construed to revive a judgment for which the statute of limitation has expired under prior law. 1983 N.M. Laws, ch. 259, §§ 1–3.

█ The 1983 legislature, then, repealed the expedited statutory procedure for reviving judgments codified in Section 39–1–19 and left judgment creditors to rely exclusively upon the common-law action for revival of judgments. In adopting this provision, the legislature clearly linked the repeal of Section 39–1–19, providing streamlined revival procedure, with the extension of the limitation period for actions founded upon judgments. We believe in repealing the long-standing statutory provision creating a simplified procedure for revival of judgments, the legislature expressed its intent that common-law actions on the judgment be the exclusive means of revival. *Cf. State v. Buck,* 275 N.W.2d 194

(Iowa 1979) (repeal of criminal sentencing statute revived the common law); *State v. General Daniel Morgan Post No. 548 V.F.W.,* 144 W.Va. 137, 107 S.E.2d 353 (1959) (repeal of bribery statute revived the common law).

Moreover, in extending the limitations period in Section 37–1–2 in the same bill abolishing the statutory revival proceeding, we must conclude the legislature intended the longer limitation period to apply to existing judgments. *Cf. Martin v. Luther,* 689 F.2d 109 (7th Cir.1982) (repeal of statutory language to be considered in light of corresponding superseding language of the revised statute); *State v. Clark,* 80 N.M. 340, 455 P.2d 844 (1969) (statutes passed in same session on same subject to be construed as a whole). The language of the savings clause of Senate Bill 5 also suggests the legislature intended the extended limitation periods would apply to existing valid judgments. We believe that, in passing Senate Bill 5, then, the legislature intended to allow judgment creditors the extended fourteen-year period to pursue the more cumbersome common-law remedy. *Cf. State ex rel. Stratton v. Serna,* 109 N.M. 1, 780 P.2d 1148 (1989) (amended language must be read in context of previously existing language and, taken as a whole, it manifests legislative intent).

CONCLUSION

We reverse the district court and conclude that the execution on the 1980 judgment is prohibited by Section 39–1–20 unless and until Plaintiff revives the judgment within the fourteen years allowed pursuant to Section 37–1–2. We thus remand to the district court with instructions to enter an order quashing Plaintiff's writ of execution, without prejudice. Each party shall bear its own costs on appeal.

IT IS SO ORDERED.

APODACA and FLORES, JJ., concur.