875 P.2d 1132 (1994)
117 N.M. 700
Andrew GALEF, Plaintiff-Appellee,
v.
BUENA VISTA DAIRY, a partnership, and Michael G. Weatherly, Defendants-Appellants.
No. 14492.
Court of Appeals of New Mexico.
May 16, 1994.
*1134 A. Drew Hoffman, Kemp, Smith, Duncan & Hammond, P.C., Albuquerque, for plaintiff-appellee.
Manuel I. Arrieta, Larry Ramirez, Weinbrenner, Richards, Paulowsky & Ramirez, P.A., Las Cruces, for defendants-appellants.

OPINION
PICKARD, Judge.
Plaintiff originally obtained a judgment against Defendant Weatherly in California on August 1, 1977. On March 2, 1987, Plaintiff filed suit in Dona Ana County to domesticate the California judgment. On January 30, 1989, the district court granted summary judgment in favor of Plaintiff and gave full faith and credit to the California judgment. Seeking to satisfy the 1989 judgment, Plaintiff initiated the present proceeding by filing a complaint on February 3, 1992, requesting a charging order against Defendant Weatherly's twenty-five percent partnership interest in Defendant Buena Vista Dairy. Defendants moved to dismiss the complaint on the ground that it violated the applicable statute of limitations, but their motion was denied. Defendants answered. Plaintiff then moved for summary judgment on his claim. In response, Defendants argued the equitable defenses of laches and estoppel. On January 5, 1993, the district court granted Plaintiff's motion for summary judgment. Defendants appeal, and we affirm.

STATUTE OF LIMITATIONS
We first note that Plaintiff argues that Defendants are not entitled to rely upon the statute of limitations as a defense because they failed to plead it in their answer. However, failure to plead an affirmative defense is not fatal if the issue is "litigated without objection and specifically ruled upon by the trial court." Terrill v. Western Am. Life Ins. Co., 85 N.M. 456, 457, 513 P.2d 390, 391 (1973). Here, Defendants raised the statute of limitations in their motion to dismiss, and Plaintiff does not claim that he objected to litigation of this issue on its merits.
We next turn to the first potentially applicable statute of limitations in this case, NMSA 1978, Section 37-1-2 (Repl. Pamp.1990), which reads as follows:
Actions founded upon any judgment of any court of the state may be brought within fourteen years from the date of the judgment, and not afterward. Actions founded upon any judgment of any court of record of any other state or territory of the United States, or of the federal courts, may be brought within the applicable period of limitation within that jurisdiction, not to exceed fourteen years from the date of the judgment, and not afterward.
Defendants contend that the present action, brought in 1992, is founded upon the 1977 California judgment and, as such, violates the statute of limitations by being brought more than fourteen years from the date of judgment. By contrast, Plaintiff argues that the 1989 judgment converted the California judgment into a New Mexico judgment, and that he thus had fourteen years from 1989 to bring his action for a charging order. As we explain below, however, we disagree with Defendants and need not decide the extent to which we agree with Plaintiff.
Section 37-1-2 "refers to and controls actions in regular form, brought upon judgments to revive them or to recover upon them or upon foreign judgments, and the like." Crowell v. Kopp, 26 N.M. 146, 149-50, 189 P. 652, 653 (1919) (interpreting predecessor to Section 37-1-2, which is virtually identical in its pertinent language), overruled on other grounds, Abarca v. Henry L. Hanson, Inc., 106 N.M. 25, 738 P.2d 519 (Ct.App. 1987). We believe that the 1987 action, which was brought to recover upon the 1977 California judgment, was an action founded upon the judgment of a non-New Mexico court and was thus controlled by the second sentence of Section 37-1-2. See Restatement (Second) of Judgments § 8 cmt. d, at 86 (1982) ("In our federal system, in the absence of legislation the judgment of one state is not immediately enforceable by executive action in a sister state. Instead, the judgment must first be made a judgment in *1135 the state where it is to be enforced. This is done by bringing an action on the judgment in that state or, if statute permits, by registering it with an appropriate court in the state.").
Defendants do not suggest that the applicable period of limitation for California had expired. Consequently, Plaintiff's action to domesticate the California judgment, which was filed on March 2, 1987, satisfied Section 37-1-2 because it was brought either within the applicable California limitation period or fourteen years of August 1, 1977. Further, we believe that the 1989 judgment converted the 1977 California judgment into a separate New Mexico judgment, with applicable New Mexico statutes of limitations to be measured from 1989. See Bridgewater v. Worthy, 420 So.2d 1171, 1173 (La.Ct.App. 1982); see also McElmoyle v. Cohen, 38 U.S. (13 Pet.) 312, 325, 10 L.Ed. 177 (1839) ("To give [a judgment] the force of a judgment in another state, it must be made a judgment there; and can only be executed in the latter as its laws may permit."); NMSA 1978, § 39-4A-3 (Repl.Pamp.1991) (not effective for this case) (After a foreign judgment is filed with the district court clerk, it "shall have the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, staying, enforcing or satisfying as a judgment of the district court of this state and may be enforced or satisfied in like manner.").
The remaining question, then, is what is the applicable statute of limitations to be applied to the 1992 action for a charging order to satisfy the 1989 judgment? We believe that there are several possible answers. The first is that the 1992 suit is governed by the statute of limitations on executions after judgment found in NMSA 1978, Section 39-1-20 (Repl.Pamp.1991). In support of this view, we first note that the New Mexico provision for charging orders against interests in partnerships is substantially similar to the Uniform Partnership Act provision for charging orders. Compare NMSA 1978, § 54-1-28 (Repl.Pamp.1988) with Uniform Partnership Act, 6 U.L.A. § 28, at 358 (1969). Further, we note that other jurisdictions have held that the Uniform Act provision has generally replaced writs of execution as the method of satisfying judgment creditors of individual partners. See, e.g., Baum v. Baum, 51 Cal.2d 610, 335 P.2d 481, 483 (1959) (en banc) (charging orders on partnership interests have replaced levies of execution as remedy for reaching such interests); see also 1 Reed Rowley, Rowley on Partnership § 28.1, at 578 (2d ed. 1960) (charging order provision is in lieu of levies of execution). See generally J. Gordon Gose, The Charging Order Under the Uniform Partnership Act, 28 Wash.L.Rev. 1 (1953). Consequently, unlike the action to domesticate the California judgment, under this first view the 1992 request for a charging order would be seen as being akin to a request for a writ of execution. This Court recently held that Section 37-1-2 allows a judgment creditor to bring an action to revive a judgment for a period of fourteen years after its entry, and that Section 39-1-20 authorizes the issuance of execution at any time within seven years after the rendition or revival of the judgment. Fischoff v. Tometich, 113 N.M. 271, 273, 824 P.2d 1073, 1075 (Ct.App.1991). Thus, the limitation period in this case would not be governed by the statute of limitations of Section 37-1-2, but rather by the statute of limitations on executions, Section 39-1-20. Because Section 39-1-20 provides that "[a]n execution may issue at any time . . . within seven years after the rendition ... of the judgment," and because the charging order in this case was issued within seven years of the 1989 judgment, the statute of limitations would be satisfied under this view.
A second option is that the 1992 suit was actually an "action[ ] founded upon any judgment of any court" of New Mexico within the meaning of Section 37-1-2. In support of this view is the fact that this proceeding followed the forms of a civil action under our Rules of Civil Procedure. Specifically, in seeking to obtain the charging order Plaintiff filed a complaint, to which Defendants answered. See SCRA 1986, 1-003 (Repl.1992) ("A civil action is commenced by filing a complaint with the [district] court."); Browne v. Chavez, 181 U.S. 68, 71, 21 S.Ct. 514, 515, 45 L.Ed. 752 (1901) (writ of scire facias for *1136 purposes of obtaining execution "is in the nature of an action because the defendant may plead to it"), aff'g Browne & Manzanares Co. v. Chavez, 9 N.M. 316, 54 P. 234, (1898); see also Crowell, 26 N.M. at 149, 189 P. at 653 (predecessor statute to Section 37-1-2 "refers to and controls actions in regular form"). Under this second view, Plaintiff's suit for a charging order would also have satisfied the statute of limitations because it was filed within fourteen years of the 1989 judgment. See § 37-1-2.
A final alternative is that the proceeding for a charging order was neither so akin to an execution after judgment as to bring it under Section 39-1-20, nor was it an action founded upon a judgment so as to bring it under Section 37-1-2. See, e.g., Crowell, 26 N.M. at 149, 189 P. at 653 (proceeding to obtain substitute special master for foreclosure on mortgage is neither an execution nor an action on the judgment). Under this view, we believe the applicable statute of limitations would be NMSA 1978, Section 37-1-4 (Repl.Pamp.1990), which allows all actions not otherwise specified by statute to be brought within four years. Thus, Plaintiff's 1992 action for a charging order based on the 1989 judgment would have been timely under this theory as well.
To reiterate, we hold that Plaintiff's action to domesticate a foreign judgment was governed by Section 37-1-2 and was brought within the applicable period of limitation for foreign judgments. Further, we hold that the 1989 judgment on the domestication action converted the foreign judgment into a New Mexico judgment from which date applicable New Mexico statutes of limitations commenced running. Finally, we hold that Plaintiff's proceeding for a charging order satisfied the limitation period of any of three alternative statutes of limitations. Because Plaintiff's proceeding was brought within the time limits of all of the above statutes of limitations, we do not decide which of the alternatives is the correct one. We do take this opportunity, however, to suggest that if the legislature intended one or another of these statutes of limitation to be applicable to charging orders or if the legislature is of the belief that our opinion allows too much time before repose, the applicable statutes might be amended.

ESTOPPEL AND LACHES
Defendants maintain that the trial court erred in granting summary judgment despite their assertion of the equitable defenses of laches and estoppel. We note that these defenses were raised obscurely if at all in Defendants' answer to Plaintiff's complaint, but for purposes of this opinion we assume the defenses were sufficiently raised in Defendants' response to the motion for summary judgment. We also note that we are assuming, for purposes of this opinion, that Defendants may raise these defenses in this action even though Defendant Weatherly apparently did not raise them in the 1989 action domesticating the California judgment.
The only fact asserted in support of these defenses was Defendants' allegation that Plaintiff did nothing to collect on the judgment for ten years. Delay or lapse of time alone does not constitute laches or work an estoppel. Blumenthal v. Concrete Constructors Co., 102 N.M. 125, 132, 692 P.2d 50, 57 (Ct.App.1984). A party asserting a laches defense must also show lack of knowledge or notice that the right would be asserted, and injury or prejudice resulting from the delay. Garcia v. Garcia, 111 N.M. 581, 588, 808 P.2d 31, 38 (1991); see also Wilcox v. Timberon Protective Ass'n, 111 N.M. 478, 487, 806 P.2d 1068, 1077 (Ct.App.1990), cert. denied, 111 N.M. 529, 807 P.2d 227 (1991). Defendants in this case presented no facts regarding their lack of knowledge or notice that Plaintiff would attempt to enforce the California judgment, or of any injury they suffered as a result of Plaintiff's delay. Absent such facts, no viable laches defense was raised, and summary judgment was appropriate. See C & H Constr. & Paving Co. v. Citizens Bank, 93 N.M. 150, 163, 597 P.2d 1190, 1203 (Ct.App.1979) (to establish laches, a party must show both unreasonable delay and prejudice resulting from that delay). Similarly, Defendants presented no facts putting the defense of estoppel in issue. See id. at 162-63, 597 P.2d at 1202-03 (discussing elements necessary to establish estoppel).
*1137 Defendants contend that they met their burden to come forward with sufficient facts to establish a factual issue regarding prejudice by Plaintiff's delay in enforcing the California and New Mexico judgments. They argue that in their answer to one of Plaintiff's interrogatories, they asserted that Plaintiff's claim was stale. According to Defendants, a reasonable inference can be drawn from that statement that witnesses and documents concerning Plaintiff's claim are no longer available, and that in reliance on Plaintiff's inaction and delay, Defendant Weatherly invested time and money in the partnership, which he might not otherwise have done. We disagree with the assertion that merely stating that a claim is "stale" is the equivalent of presenting factual allegations concerning the loss of witnesses or documents or of any other sort of prejudice resulting from the delay. It was incumbent on Defendants to make a factual showing regarding the elements of laches and estoppel; a conclusory allegation of staleness is not sufficient. See Portales Nat'l Bank v. Bellin, 98 N.M. 113, 117, 645 P.2d 986, 990 (Ct.App.1982) (conclusions in affidavit, unsupported by any factual basis, are not sufficient to raise issues of material fact).
Finally, Defendants argue that we should not require them to prove each element of their defenses to survive the motion for summary judgment. They contend, in essence, that it was sufficient for them to raise the defenses and point to the long delay between the California judgment and Plaintiff's effort to collect on that judgment. We disagree. The equitable claims of laches and estoppel are affirmative defenses to Plaintiff's action. SCRA 1986, 1-008(C) (Repl. 1992). A party asserting an affirmative defense must resist prima facie showing of entitlement to summary judgment by providing evidence establishing a genuine issue of material fact regarding the defense. See Western Bank v. Biava, 109 N.M. 550, 552, 787 P.2d 830, 832 (1990). Defendants, therefore, had the burden of coming forward with sufficient evidentiary matters to establish a genuine issue of material fact as to those defenses. See In re Estates of Salas, 105 N.M. 472, 475, 734 P.2d 250, 253 (Ct.App. 1987) (party relying on estoppel has the burden of establishing all facts necessary to support the claim). It was not sufficient for Defendants to raise an issue of fact with regard to only one of the elements necessary to prevail on their affirmative defenses, since satisfaction of only one element could not prevent Plaintiff from prevailing on his claim. See Garcia, 111 N.M. at 588-89, 808 P.2d at 38-39.

CONCLUSION
Based on the foregoing discussion, we hold that Plaintiff's action for a charging order was not barred by the statute of limitations, and that Defendants did not raise issues of material fact concerning their equitable defenses of estoppel and laches. We therefore affirm the summary judgment granted by the trial court.
IT IS SO ORDERED.
MINZNER, C.J., and HARTZ, J., concur.