[No. 718.    August 16, 1898.]

BROWNE & MANZANARES COMPANY, Plaintiff in Error, v. FRANCISCO CHAVEZ, JR., Defendant in Error.

SYLLABUS BY THE COURT.

JUDGMENT—REVIVAL—SCIRE FACIAS—LIMITATION.—A judgment barred by statute of limitations of seven years, section 1861, Compiled Laws 1897, can not be revived by *scire facias*.

*Error*, from a judgment for defendant, to the Second Judicial District Court, Bernalillo County. Affirmed.

CHILDERS & DOBSON for plaintiffs in error.

B. S. RODEY for defendant in error.

A judgment can not be revived under our statutes more than seven years after its rendition. Comp. Laws, secs. 1860, 1861; Session Laws 1891, secs. 1, 2, chap. 53.

Our legislature amended the common law rule as to executions. Laws 1887, chap. 61, p. 213.

A judgment can not be revived, so as to be given life, for a period of fifteen or twenty years. Vick v. Justice, 31 Miss. 201. See, also, Stewart v. Justices, 47 Fed. Rep. 482.

A scire facias is in many ways in the nature of a suit. Bryant v. Smith, 7 Cald. (Tenn.) 113; Kirkland v. Krebs,

34 Md. 93; Bilbo v. Allen, 4 Heisk. (Tenn.) 31; Havard v. Randall, 58 Vt. 564; 21 Am. and Eng. Ency. of Law 856, note 1, and citations; Potter v. Tittcomb, 13 Me. 40; Underhill v. Devereux, 2 Saund. 71, note 4; Wright v. McNutt, 1 T. R. Rep. 38; Atwood v. Burr, 2 Salk. 603; Clark v. Paine, 11 Pick. 66; Gonigal v. Smith, 6 Johns. 106; 2 Coke on Littleton, sec. 505; Poulteney v. Townson, 2 W. Black, 1277; Gray v. Jones, 2 Wills. 251; Fenno v. Evans, 1 T. R. Rep. 267; Grunway v. Dare, 6 N. J. Law 306.

McFIE, J.—On the seventh day of October, 1885, the firm of Browne & Manzanares Co. recovered judgment against Francisco Chavez, Jr., for the sum of $4,170 and costs in the district court of Bernalillo county.

On the thirtieth day of September, 1895, and nearly ten years after said judgment was rendered, a precipe was filed with the district clerk for a writ of scire facias to revive the judgment and for execution. The writ was issued and served by the sheriff on September 30th, and was returnable October 5th.

On October 5th the defendant filed written appearance, and on October 7th filed two pleas, the first suggesting the death of Browne, one member of the firm, since the rendition of the judgment, and the second, a plea of the statute of limitation of seven years, in bar of the action.

The plaintiffs below demurred to the pleas but the demurrer was overruled.

Afterwards a motion was filed by plaintiff below to reopen the case for reargument of the demurrer, which motion was sustained by the court, and the cause was set down for reargument January 10th as to the second plea only. The first plea appears to have been abandoned, as also the demurrer thereto.

The court again overruled the demurrer to second plea, and, the plaintiffs declining to plead further, the writ of scire facias was dismissed.

From the above statement of facts, it is apparent that the sole question for this court to determine is, whether or

not the court below erred in -overruling the demurrer to the defendant's plea of the statute of limitation.

If the statute of limitations of the territory runs against a proceeding by scire facias to revive a judgment, the demurrer to such plea was properly overruled, and there was no error. If the statute does not run against such action, the plea of course was an improper one, and it was error to overrule the demurrer thereto.

JUDGMENT: revival: limitations.

In determining this matter it is important to observe the difference between a dormant and a barred judgment.

A dormant judgment is one that has become inoperative as to its execution, but a barred judgment is one that is dead and can not be enforced or revived over the objection of the judgment debtor.

At common law the life of a judgment was twenty years, but if an execution was not issued thereon within a year and a day, the judgment became dormant, and an alias execution could not issue thereon, unless revived by scire facias.

The judgment, therefor, although it had been dormant, was not dead, as its life was twenty years.  If the first execution was issued within a year and a day, it did not become dormant, on the contrary, executions might issue for its enforcement during its life of twenty years, unless it became dormant for some other reason, such for instance, as death of the parties to it, or assignment, etc., when it again became necessary to revive it by scire facias, that execution might issue for its enforcement notwithstanding its changed condition.

Freeman on Executions, sec. 81, says: "Before any judgment is either satisfied or barred by lapse of time, it may become temporarily inoperative, so far as the right to issue execution is concerned, and so to continue until something is done by which such is revived. In this condition it is usually called a dormant judgment."

The writ of scire facias was adopted at common law as the proper means of restoring vitality to a dormant judgment, before it was satisfied or barred by limitation.

Bingham on Judgments and Executions, 123 and 124, thus defines the writ of scire facias: "It is a writ issued not of a court wherein judgment has been entered or to which a record has been removed, reciting such judgment suggesting the grounds requisite to entitle plaintiff to execution, and requiring the defendant to make known the reason, if any there be, why such execution should not issue.

It is clear that at common law the proceeding by scire facias was not a new or distinct action, but simply a writ or process in the original suit for the sole purpose of securing the right to issue execution upon a dormant judgment prior to the expiration of its legal life, and it was not intended nor used for the purpose of reviving a judgment whose life had expired and become barred by a statute of limitation.

In the early case of Ross v. Duval et al., 13 Peters, p. 45, the court was considering a case from Virginia. In that state the law provided that a judgment might be revived upon a motion in the nature of scire facias. The statute of limitation as to judgments was ten years. Duval et al. had recovered a judgment against Ross, and when judgment was about fifteen years old, a motion was made for an execution to issue, and the motion being sustained, on appeal it was urged that the execution was illegally issued, because the statute of limitation of ten years had barred the judgment and all process upon it.

In construing that statute and its effect in that case, the court said: "It is enough to know that the act of 1792 (Virginia) imposes a limitation to actions and executions on judgments by which, like all other limitation laws of the states, a judgment becomes inoperative. An action of debt will not lie upon it, nor can it be revived by scire facias; much less can an execution be issued upon it. Its vitality is gone beyond the reach of a legal renovation."

This case did not arise under the common law, it is true, but under a statute. We refer to it, however, as showing the construction of a statute of limitation, and that its effect is to destroy the vitality of such judgment beyond the power of revival by scire facias or any other process.

Many other cases might be cited to the same effect, but it is unnecessary.

The distinction between a dormant and a barred judgment is very clear, and with this in mind, it is not difficult to understand the apparent conflict of authority found in the briefs of the respective counsel in this case.

The case of Smith v. Stevens, N. E. Rep. 594, is cited by plaintiffs in error to sustain their contention, wherein the court held, that "Although the statute of Illinois provided that the lien of a judgment should continue for only seven years, and that the judgment at that time, should become funtus officio, so as to affect the lands therein described; that, nevertheless, it might be revived by scire facias," etc.

In that case, the Illinois statute provided that the life of a judgment, should be twenty years, but that it ceased to be a lien on real estate in seven years. In other words, it became dormant as to the lien on real estate in seven years but could be revived by scire facias as to the lien during the remaining thirteen years of its life. It was a dormant not a barred judgment.

The case of Murch v. Moore, 2 Oregon 189, is not in point because the court holds in that case, that a judgment is never barred under the laws of Oregon, and may be executed until payment.

The common law, however, has been modified or set aside by statutory enactment. in almost all the states and territories, in regard to judgments and the limitation of actions thereon.

While the right of action in debt, and scire facias, on judgments remain, other provisions are changed, and the authorities cited are not necessarily in conflict, when the statutes upon which the decisions were rendered and the circumstances of each case are examined.

The proceeding to revive a dormant judgment in many of the states, is by a simple motion in the original cause, and execution is awarded by an order in the original case.

In such cases it is usually held that the order to revive does not more than reinvest the plaintiff with the right to have

execution on his original judgment.    Marx v. Sanders, 11
So. Rep. 764.

In that case  the action of debt was held barred by the six
years' statute of limitation, although the judgment had been
once revived  within its life.

In other states  statutes provide or are construed to mean,
the scire facias is an "action" within the meaning of the
statute.

In Greenway v. Dare, 6 N. J. Law 306, it was contended
by counsel  that the proceeding by scire facias was not an
action or new proceeding but a continuance of the original
suit; but the court held that, "Every scire facias is a new and
independent action, referring to the former proceedings, but
wholly distinct from them."

In Howard v. Randall, 5 Atl. Rep. 403, the court says:
"Whatever, strictly speaking, may be the nature of scire facias
on a judgment, at common law, under our statute it is an
action or suit within section 2130 R. L."

The plaintiff in error contends  that a scire facias pro-
ceeding is not an action within the meaning of the laws of
New Mexico, section 1861, Compiled Laws 1897 (Sec. 2,
Chap. 53, Laws of 1891); and therefore  is not barred by that
section; while the defendant in error insists  that it is an action
within the meaning of that section.

Section 1860, Comp. Laws 1884, is as follows: "The follow-
ing suits or actions  may be brought within the time herein-
after limited, respectively, after their causes accrue, and not
afterwards, except when otherwise especially provided."

Section 1861, prior to amendment by laws of 1891, was
as follows "Actions upon any judgment of any court of record
of any state or territory of the United States, or federal
courts of the United States, within fifteen years."

By these sections of limitation of fifteen years attached
to foregoing judgments, and if that section did not also include
local judgments, the common law of limitation of twenty years
applied to them, until  section 1861 was amended by section
2, chapter 53, laws of 1891, to read as follows:

Vol. 9 n. m.—21

"Sec. 2 (1861).   Actions founded upon any judgment of any court of the territory of New Mexico may be brought within seven years from and after the rendition of such judgment, and not afterwards, and actions founded upon any judgment of any court of record of any other territory or state of the United States, or the federal courts may be brought within seven years from and after the rendition of such judgment, and not afterwards; provided, that actions may be brought upon any existing judgments which, but for this proviso, would be barred within one year from and after the passage of this act, and not afterwards; and all actions upon such judgments not commenced within the time limited by this act shall be forever barred."

This section as amended applies to local judgments as well as foreign and federal, and fixes a positive limitation of right of action thereon at seven years, and specifically says, "And not afterwards." It is not denied that this limitation would bar an action of debt on a judgment, but it is insisted that the words "Actions founded by any judgments," is used in a limited sense, and do not include proceedings by scire facias to revive a judgment.

We can not so construe this language, as it was evidently used in its comprehensive sense and was intended to apply to all suits or actions which could properly be brought on a judgment, "Actions founded upon any judgment," are very comprehensive words, the word actions being in the plural and the language is equivalent to saying, all actions the basis of which is a judgment.

To construe this language as plaintiff in error contends would be to hold that an action of debt on a judgment could not be brought because it was barred by the statute in seven years, nor could any other suit be brought but by scire facias; the barred judgment may be revived and an execution issued upon it.

Such a construction is absurd and could not have been the intention of the legislature enacting the amendment.

The words "Shall be forever barred" in the last line of

the section, referring to stale judgments, emphasize the view that this section was intended to bar forever and render invalid all judgments more than seven years old, unless the proper steps had been taken to revive them.

This section was carefully drawn as is shown by the proviso giving one years' time, in which to revive stale judgments, referred to in the proviso.

In 1887 the legislature enlarged the time for issuing execution on judgments, to five years. Sec. 2, chap. 61, laws of 1887, reads as follows:

"Sec. 2. An execution may issue at any time on behalf of any one interested in such judgment referred to in the above section, within five years after the rendition thereof, and without the necessity of bringing any action to revive the same."

It will be observed that the word "action" in that section is used in a liberal sense; and refers directly to the proceedings to revive judgments.

The proceedings in this case show all the characteristics of an action at law. The record shows that a precipe was issued for the writ; and the writ of scire facias was issued, which is declared to be the equivalent of a declaration. The writ was returnable as other writs are. The defendant was ordered to show cause; pleas and a demurrer were filed as in other cases; a judgment overruling the demurrer and dismissing the cause was entered; and plaintiffs in error have the scire facias proceeding, not the original action, in this court, seeking a review and reversal, and we see no reason why such proceedings should not be considered an action within the meaning of our statute.

The legislatures of our states have set aside the common law rule and made scire facias a new and independent action, and we are of opinion that the legislature of this territory accomplished the same purpose when the law of 1891 was enacted.

When the legislature declares that "Actions founded upon any judgment, unless brought within seven years, would be

barred," it evidently intended that seven years was a reasonable time in which to revive them, and that after such time, they should be beyond the power of legal renovation by any proceeding whatever; and this we hold to be the meaning and intent of section 1861 of the Compiled Laws of 1897.

"Statutes of limitation are now almost universally regarded favorably as statutes of repose, and liberally construed, and the older decisions to the contrary are disapproved. 13 Am. and Eng. Ency. of Law, p. 692.

"Where the law furnished to a party a simple method of proceeding against an ultimate debtor, and he fails to pursue that, we think such debtor can appeal to the statute of limitation as a protection." Clenn v. Dorsheimer, 23 Fed. Rep. 695.

"And he can not prevent the statute of limitations from running against him, by a circuitous legal proceeding." Clen v. Priest, Ex'r, 28 Fed. Rep. 907.

"Neither plaintiff nor defendant will be allowed to thwart the beneficial and healthful effect of the statute of repose by any mere strategy of legal proceeding. 13 Am. and Eng. Ency. of Law, p. 691.

It would be a mere strategy of legal proceeding to hold that a judgment could be revived by a scire facias although other actions thereon were barred, and we therefore hold, that section 1861, Compiled Laws 1897, applies to proceedings by scire facias to revive judgments in this territory.

The judgment in this case was nearly ten years old, at the time this action was brought, and no execution has ever issued upon it, so far as the record shows.

The bar of statute was properly pleaded against it, and the demurrer was properly overruled.

The overruling of the demurrer to the plea of the statute of limitation, and the dismissal of the cause, being the only error assigned, the judgment of the lower court is affirmed with costs.

Mills, C. J., Crumpacker, Leland and Parker, JJ., concur.