**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2019-NMCA-062**

**Filing Date: July 24, 2019**

**No. A-1-CA-36473**

**THE CADLE COMPANY,**

      Plaintiff-Appellant,

**v.**

**STEPHEN J. SEAVALL,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Released for Publication October 29, 2019.

The Rowe Law Firm, P.C.
Gordon H. Rowe, III
Albuquerque, NM

for Appellant

Giddens, Gatton & Jacobus, P.C.
Mary L. Johnson
Albuquerque, NM

for Appellee

**OPINION**

**VARGAS, Judge.**

**{1}** The Cadle Company (Plaintiff) appeals the district court's grant of summary judgment in favor of Stephen J. Seavall (Defendant), arguing the district court erred in finding Plaintiff's 2016 lawsuit was based on a judgment rendered in 1987, and was time-barred by NMSA 1978, Section 37-1-2 (1983) (providing that "[a]ctions founded upon any judgment of any court of the state may be brought within fourteen years from the date of the judgment, and not afterward"). We reverse.

## BACKGROUND

**{2}** Defendant entered into a stipulated judgment with Sandia Federal Savings and Loan Association against Defendant for $36,388.12 in July 1987 (the 1987 Judgment). The 1987 Judgment was eventually transferred to Plaintiff. Plaintiff filed suit on the 1987 Judgment in June 2001, and the district court entered judgment in Plaintiff's favor in June 2002 (the 2002 Judgment). Plaintiff filed suit on the 2002 Judgment in 2009, and the district court entered judgment in Plaintiff's favor in September 2009 (the 2009 Judgment). Neither party argues, nor does our review of the record reveal, that Plaintiff ever executed upon any of these judgments.

**{3}** In July 2016 Plaintiff filed its "complaint on a judgment" stating that it was the holder of a judgment against Defendant, citing to the 2009 Judgment. Plaintiff further contended that the amount of the 2009 Judgment remains unpaid and Plaintiff is entitled to a judgment for the unpaid amount. Plaintiff sought a judgment against Defendant in the principal amount of $136,876.03, which included interest that had accrued since the 1987 Judgment, plus interest thereafter at the rate of 8.75 percent. Defendant filed a motion for summary judgment or, alternatively, to dismiss for failure to state a claim. In his motion, Defendant argued that New Mexico law permits only one revival of a judgment and that Plaintiff's 2016 lawsuit was barred under Section 37-1-2.

**{4}** The district court granted summary judgment in Defendant's favor, concluding that the 2009 Judgment, upon which Plaintiff was suing, was founded on the 2002 Judgment, which was founded on the 1987 Judgment. Thus, the district court found that the 2016 lawsuit was barred under Section 37-1-2 as it was "an action to revive a judgment" and was "filed more than twenty-nine years after the 1987 Judgment was rendered." The district court further found:

> Plaintiff argues Section 37-1-2 places no limit on the number of times a party may bring an action on a judgment. This is true. However, Section 37-1-2 does limit the period for bringing such actions to fourteen years.

This appeal followed.

## DISCUSSION

**{5}** Plaintiff argues that the district court erred in granting summary judgment as the 2016 lawsuit was not an action to revive a judgment, but was a "separate action on the 2009 [J]udgment[.]" Plaintiff contends that the 1987 Judgment merged into the 2002 Judgment and that the 2002 Judgment merged into the 2009 Judgment, such that the 2002 and 2009 Judgments were "new and separate judgment[s]" and that the 2016 lawsuit, being "premised on the 2009 [J]udgment[,]" was therefore timely. Before turning to the question of whether Plaintiff's 2016 lawsuit was barred under Section 37-1-2, we must first determine the legislative intent behind New Mexico's statutory scheme concerning the life and execution of judgments, and whether New Mexico law permits

actions on judgments that produce new judgments upon which new limitations periods will run.

## A. Standard of Review

**{6}** Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 1-056(C) NMRA. "If the facts are undisputed and only a legal interpretation of the facts remains, summary judgment is the appropriate remedy." *Ciolli v. McFarland Land & Cattle Co.*, 2017-NMCA-037, ¶ 12, 392 P.3d 635 (internal quotation marks and citation omitted). "We apply a de novo standard of review to the legal conclusions." *Id.*

**{7}** "In construing a statute, our charge is to determine and give effect to the Legislature's intent." *Atherton v. Gopin*, 2015-NMCA-087, ¶ 19, 355 P.3d 804 (internal quotation marks and citation omitted). "Where a statute touches an issue in the common law, we interpret the statute's language in the context of that law." *Id.* "In 1876, New Mexico's territorial Legislature determined that 'the common law as recognized in the United States of America[,] shall be the rule of practice and decision.' " *San Juan Agric. Water Users Assoc. v. KNME-TV*, 2011-NMSC-011, ¶ 20, 150 N.M. 64, 257 P.3d 884 (quoting NMSA 1978, § 38-1-3 (1876)). "The common law, upon its adoption, came in and filled every crevice, nook and corner in our jurisprudence where it had not been stayed or supplanted by statutory enactment[.]" *San Juan Agric. Water Users Ass'n.*, 2011-NMSC-011, ¶ 20 (alteration, internal quotation marks, and citation omitted). "We presume that the Legislature enacts statutes that are consistent with the common law and that the common law applies unless it is clearly abrogated." *Id.* "A statute will be interpreted as supplanting the common law only if there is an explicit indication that the [L]egislature so intended." *Id.* (internal quotation marks and citation omitted).

## B. The History of New Mexico's Statutory Scheme for the Life and Execution of Judgments

**{8}** We begin by discussing the common law background to the relevant statutory scheme. "At common law the life of a judgment was [twenty] years, but, if an execution was not issued thereon within a year and a day, the judgment became dormant, and an alias execution could not issue thereon, unless revived by scire facias." *Browne & Manzanares Co. v. Chavez* (*Browne* I), 1898-NMSC-004, ¶ 11, 9 N.M. 316, 54 P. 234. Although dormant, a judgment was not dead until the close of its twenty-year life, and its "vitality" (i.e., the ability of a judgment creditor to execute upon the judgment) could be restored by means of revival for the balance of its twenty-year life. *Id.* ¶¶ 12-14. Alternatively, at common law, the judgment creditor could bring an action of debt—also referred to as an action on a judgment—"which is a new and independent action, resulting in the entry of a new judgment." 47 Am. Jur. 2d *Judgments* § 722 (2019); *see* 3 William Blackstone, Commentaries *158-59 (explaining that a creditor who has "obtained a judgment against another for a certain sum, and neglects to take out

execution thereupon, [] may afterwards bring an action of debt upon this judgment[.]"); 2 Abraham Clark Freeman, *A Treatise of the Law of Judgments*, § 1063, at 2217-18 (5th ed. 1925) ("Though a judgment be dormant . . . it will nevertheless sustain an action founded upon it. . . . if [the judgment creditor] proceeds within the time allowed for revivor.").

**{9}** The New Mexico territorial Legislature's first statutes bearing upon the execution and revival of a judgment, 1897 Compiled Laws of New Mexico Sections 3085 and 3086, C.L. 1897, provided:

> § 3085. That hereafter it shall not be necessary to bring proceedings in any court to revive a judgment having been already obtained before a court of competent jurisdiction in this territory, except in cases where such judgment had been rendered for a period of five years or more next preceding the issue of final process for the enforcement of the same.

> § 3086. An execution may issue at any time, on behalf of any[]one interested in such judgment referred to in the above section, within five years after the rendition thereof, and without the necessity of bringing an action to revive the same.

Following its enactment of Sections 3085 and 3086, C.L. 1897, our territorial Legislature enacted 1897 Compiled Laws of New Mexico Section 2914, C.L. 1897, which was compiled as part of the chapter entitled "Time of Commencing Actions." Section 2914 provided that "[a]ctions founded upon any judgment of any court of the Territory of New Mexico may be brought within seven years from and after the rendition of such judgment, and not afterward[.]"

**{10}** The text of these statutes remained largely untouched until 1965, when our Legislature amended all three statutes.[1] The successor to Section 2914, C.L. 1897, NMSA 1953, Section 23-1-2 (1965) (Vol. 5, 1975 Pocket Supp.), provided that "[a]ctions founded upon any judgment of any court of the [State of New Mexico] may be brought within seven (7) years from and after the rendition or revival of the judgment, and not afterward[.]" The successor to Section 3085, C.L. 1897, NMSA 1953, Section 21-9-19 (1965) (Vol. 4, Repl., 1975 Pocket Supp.), was amended and recompiled to read:

> It is not necessary to bring proceedings in any court to revive a judgment obtained before a court of competent jurisdiction in this state. A judgment

---

1Between 1891 and 1965, the Legislature amended and recompiled Section 2914, C.L. 1897 on one other occasion at NMSA 1915, Section 3347 (1891), which eliminated the following provision from Section 2914, C.L. 1897: "That actions may be brought upon any existing judgment which, but for this proviso, would be barred within one year from and after the passage of this act, and not afterward; and all actions upon such judgments not commenced within the time limited by this act shall be forever barred." The statute was also amended to recognize that New Mexico had become a state since the passage of Section 2914. No changes were made to the statute when it was recompiled at NMSA 1929, Section 83-102 (1891), and NMSA 1941, Section 27-102 (1891).

may be revived once only, by filing, for that purpose, a transcript of the docket of the judgment in the office of the county clerk of the county in which the judgment was entered, before the expiration of the limitation upon actions founded upon judgments as provided by [S]ection 23-1-2. . . . The revival commences as of the first date when an action founded upon the judgment would, without the revival, be barred by the limitation of [S]ection 23-1-2[.]

The successor to Section 3086, C.L. 1897, NMSA 1953, Section 21-9-20 (1965) (Vol. 4, 1975 Pocket Supp.), was amended to provide that "[a]n execution may issue at any time, on behalf of anyone interested in a judgment, within seven [7] years after the rendition or revival of the judgment."

**{11}** In 1971, the Legislature amended the revival and execution statutes. Section 21-9-20 was recompiled and amended at NMSA 1978, Section 39-1-19 (1971), to provide:

It is not necessary to bring proceedings in any court to revive a judgment obtained before a court of competent jurisdiction in this state. A judgment may be revived once only, by filing, for that purpose, a transcript of the docket of the judgment in the office of the county clerk of the county in which the judgment was entered, before the expiration of the limitation upon actions founded upon judgments as provided by Section 37-1-2. . . . The revival commences as of the first date when an action founded upon the judgment would, without the revival, be barred by the limitation of Section 37-1-2[.]

Additionally, Section 21-9-20 was recompiled and amended at NMSA 1978, Section 39-1-20 (1971), which provided that "[a]n execution may issue at any time, on behalf of anyone interested in a judgment, within seven years after the rendition or revival of the judgment."

**{12}** Most recently, the Legislature returned to these statutes in 1983, repealing Section 39-1-19 as well as recompiling and amending Section 23-1-2 at Section 37-1-2, as follows: "Actions founded upon any judgment of any court of the state may be brought within fourteen years from the date of the judgment, and not afterward." When analyzing these concurrent actions by the 1983 Legislature, this Court explained that "the [L]egislature clearly linked the repeal of Section 39-1-19, providing streamlined revival procedure, with the extension of the limitations period for actions founded upon judgments." *Fischoff v. Tometich*, 1991-NMCA-144, ¶ 15, 113 N.M. 271, 824 P.2d 1073. We concluded that "[w]e believe in repealing the long-standing statutory provision creating a simplified procedure for revival of judgments, the [L]egislature expressed its intent that common-law actions on the judgment be the exclusive means of revival." *Id.*

**{13}** The history of New Mexico's statutory scheme reveals no clear abrogation of the common law right to pursue an action on the judgment. *See Sims v. Sims*, 1996-NMSC-078, ¶ 23, 122 N.M. 618, 930 P.2d 153 (holding that "when legislation directly and

clearly conflicts with the common law, the legislation will control"); *Atherton v. Gopin*, 2015-NMCA-087, ¶ 20, 355 P.3d 804 (holding that when a statute is silent as to an issue found in common law, "the statute does not abrogate the common law"). We therefore conclude that our Legislature did not supplant this common law action, and that, consistent with several states, New Mexico law permits judgment creditors, during the life of a judgment, to "bring an action upon the judgment and obtain a new judgment upon which the limitations period will run again." Restatement (Second) of Judgments § 18 cmt. c (Am. Law. Inst. 1982); *see Agribank, FCB v. Holland*, 27 S.W.3d 462, 463 (Ark. Ct. App. 2000) (recognizing that "the judgment creditor can start the limitation period anew by bringing an action on the judgment and obtaining a new judgment"); *Salinas v. Ramsey*, 234 So. 3d 569, 571-72 (Fla. 2018) ("An action on a judgment is an action independent of the original action in which the judgment was obtained, the main purpose of which is to obtain a new judgment which will facilitate the ultimate goal of securing satisfaction of the original cause of action. An action on a judgment provides an opportunity, when the limitations period has almost run on the judgment, to obtain a new judgment that will start the limitations period anew." (footnote, internal quotation marks, and citations omitted)); *Dahlin v. Kroening*, 796 N.W.2d 503, 505 (Minn. 2011) (explaining that Minnesota's ten-year statute of limitations "provides that an action on a judgment may be brought within ten years after the entry of a judgment resulting in a renewal of the judgment for an additional ten years"); *Koerber v. Middlesex Coll.*, 383 A.2d 1054, 1057 (Vt. 1978) (same). Moreover, as the Minnesota Court of Appeals explained, "an action on a judgment results in a new judgment, which may then serve as the basis for a subsequent action on a judgment, such that multiple renewals of a judgment are permissible so long as each is renewed by an action on the prior judgment commenced within [the limitations period]." *Amica Mut. Ins. Co. v. Wartman*, 841 N.W.2d 637, 641 (Minn. Ct. App. 2014) (internal quotation marks and citation omitted).

### C.    Plaintiff's 2016 Lawsuit Was an Action on a Judgment and Thus Not Barred under Section 37-1-2

{14}    Plaintiff asserts the district court erred in finding that the 2016 lawsuit was a revival of the 1987 Judgment rather than an action on the 2009 Judgment. We agree. Section 37-1-2 "refers to and controls actions in regular form, brought upon judgments to revive them or to recover upon them or upon foreign judgments, and the like." *Crowell v. Kopp*, 1919-NMSC-065, ¶ 7, 26 N.M. 146, 189 P. 652 (discussing former version of Section 37-1-2), *overruled on other grounds as recognized by Abarca v. Henry L. Hanson, Inc.*, 1987-NMCA-068, ¶ 9, 106 N.M. 25, 738 P.2d 519; *see Fischoff*, 1991-NMCA-144, ¶ 8 n.1 (extending *Crowell*'s interpretation of the phrase "actions founded upon any judgment," found in the predecessor to Section 37-1-2, to the same language found in Section 37-1-2). Following the Legislature's 1983 repeal of Section 39-1-20, New Mexico no longer has a statutory procedure for revival of judgments. *See Fischoff*, 1991-NMCA-144, ¶ 15 (concluding that revival is now achieved by means of common law revival suits). "In states which have no procedure by which a judgment may be revived or renewed, a party must bring an action on the judgment as a case at bar which is deemed an independent action separate and distinct from the original suit in which the prior judgment was rendered." 46 Am. Jur. 2d *Judgments* § 370 (2019). And

so, while both a revival and an action on a judgment are now pursued by means of lawsuits, the distinction between the two actions appears to be the relief sought: a revival seeks to ensure the vitality of an existing judgment while an action on a judgment seeks an entirely new judgment. On the face of its complaints, Plaintiff was not seeking to ensure the vitality of an imminently-dormant judgment; rather, it sought an entirely new judgment. Having concluded that our Legislature did not clearly abrogate the common law action on a judgment, we see no reason why Plaintiff's 2016 lawsuit should not be considered an action on a judgment rather than a revival. As we have concluded above, each of Plaintiff's actions on its prior judgments produced new judgments, from which the limitations period runs anew. Thus, although the 1987 Judgment's limitations period would have terminated in 2001, each of Plaintiff's actions on the previous judgment produced a new judgment, each with its own fourteen-year limitations period. Because Plaintiff received a new judgment in 2009, it is statutorily permitted to maintain an action on that judgment for fourteen years from the date of that judgment, and having timely filed its action in this case within that period, the district court erred in dismissing the 2016 lawsuit on grounds that it was barred under Section 37-1-2.

**{15}** To the extent our holding—mandated by the lack of a statutory abrogation of the common law action on a judgment—has the potential to extend the life of an original judgment in perpetuity, it is for the Legislature, not this Court, to determine when, if ever, the common law action on a judgment is no longer permissible under New Mexico law.

**CONCLUSION**

**{16}** We reverse and remand to the district court.

**{17}  IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JAMES J. WECHSLER, Judge Pro Tempore**