This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39312**

**ANTHONY JACOB, individually and as party in interest to CORNERSTONE HOMES, INC.; and CORNERSTONE HOMES, INC.,**

  Plaintiffs-Appellants,

v.

**SUSAN WALKER and MOUNTAIN INSURANCE SERVICES, INC.,**

  Defendants-Appellees,

and

**JACK W. CREIGHTON and MARY E. CREIGHTON,**

  Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Court Judge**

Roepke Law Firm, LLC
Karl H. Roepke
Albuquerque, NM

Ferrance Law, P.C.
David A. Ferrance
Albuquerque, NM

for Appellants

Atler Law Firm, P.C.
Timothy J. Atler

Jazmine J. Johnston
Albuquerque, NM

Ray A. Padilla PC
Ray A. Padilla
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}**     The district court entered summary judgment against Plaintiffs Anthony Jacob and Cornerstone Homes, Inc., and in favor of Defendants Susan Walker and Mountain Insurance Services, Inc., concluding that Plaintiffs' complaint to foreclose their judgment lien is time-barred. On appeal, Plaintiffs argue that (1) the district court erred in concluding that the fourteen-year statute of limitations for the enforcement of judgments, NMSA 1978, § 39-1-6 (1983), ran from the judgment entered in the underlying case on September 9, 2005 (September Judgment) rather than the amended judgment entered in that case on October 17, 2005 (October Judgment) and (2) the district court made various other errors during the proceedings. Unpersuaded, we affirm.

**DISCUSSION**

**{2}**     We begin by addressing Plaintiffs' arguments regarding the statute of limitations issue. We then turn to Plaintiffs' other arguments.

**I.     Plaintiffs' Claim Is Time-Barred Because the October Judgment Amended a
        Clerical Error in the September Judgment**

**{3}**     "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (text only) (citation omitted). "We review issues of law de novo," *id.*, and a "district court's ruling on the statute of limitations issue presents a question of law." *Williams v. Stewart*, 2005-NMCA-061, ¶ 8, 137 N.M. 420, 112 P.3d 281.[1]

---

1Plaintiffs argue that the district court failed to apply the correct legal standard for summary judgment under Rule 1-056 NMRA; that the district court abused its discretion when it dismissed the case in equity; and that equity favors them rather than Defendants. Regarding the legal standard argument, the district court's order repeatedly states that the court is treating the motion at issue as a motion for summary judgment; we presume the district court applied the correct standard for summary judgment, *see Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063, and Plaintiffs have not pointed to anything in the record on appeal that persuades us that the district court applied the wrong standard. To the extent that the district court's references to tolling and other equitable principles suggest that it relied on those principles, rather than on the statute of limitations alone, we conclude that

**{4}**     Although it is apparent the district court granted summary judgment because Plaintiffs' claim was time-barred, the legal basis for the district court's ruling is not entirely clear to us. The lack of clarity is not an insurmountable obstacle to appellate review here because affirmance is warranted under the right for any reason doctrine. *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 30, 416 P.3d 264. As we will explain, we conclude that (1) the district court's dismissal based on the statute of limitations is correct because the October Judgment was amended pursuant to Rule 1-060(A) NMRA to correct a clerical error arising from oversight or omission and therefore the statute of limitations began to run when the October Judgment was entered and (2) our reliance on the right for any reason doctrine is not unfair to Plaintiffs. *See Freeman*, 2018-NMSC-023, ¶ 30. We explain our reasons for each conclusion in turn.

**{5}**     With respect to the statute of limitations, the key issue is when the fourteen-year period set by Section 39-1-6 began—whether the clock started ticking when the district court entered the September Judgment or when it entered the October Judgment. The material facts pertinent to that issue are undisputed. The September Judgment, which was entered on September 9, 2005, and prepared by Plaintiffs' counsel, correctly spelled the name of Plaintiff Anthony Jacob in the caption but misspelled that name twice as "Anthony Jacobs" in the body of the judgment itself. Counsel for Plaintiffs sent the district court a letter requesting correction of the misspellings, and the district court did so in the October Judgment, which was entered on October 17, 2005. Plaintiffs admitted these facts at the district court level.[2] The district court concluded that the September Judgment started the statute of limitations period, that the October Judgment made a nonsubstantive change of a typographical error, and that the statutory period expired before Plaintiffs initiated their foreclosure action on October 16, 2019. Based on these conclusions, the court dismissed the action as time-barred.

**{6}**     When the fourteen-year statutory period began depends on which subsection of Rule 1-060 governs the amendment of the September Judgment. If the amendment is governed by Rule 1-060(A), the October Judgment did not vacate the September Judgment, *see In re Estates of Hayes*, 1998-NMCA-136, ¶ 19, 125 N.M. 820, 965 P.2d 939, and the statutory period began on September 9, 2005. But if the October Judgment amended the September Judgment under Rule 1-060(B), then the October Judgment vacated the September Judgment, *see Ullrich v. Blanchard*, 2007-NMCA-145, ¶ 12, 142 N.M. 835, 171 P.3d 774, and the statutory period began on October 17, 2005.

---

any such reliance, even if erroneous, does not support reversal because we believe that summary judgment was warranted based exclusively on the statute of limitations. *See Ideal v. Burlington Res. Oil & Gas Co. LP*, 2010-NMSC-022, ¶ 19, 148 N.M. 228, 233 P.3d 362 ("[A] district court's decision will be upheld as long as the right result was reached, even if the court reached the decision for the wrong reason.").

2For the first time on appeal, Plaintiffs argue that the change of Plaintiff's name from "Jacobs" to "Jacob" is a material question of fact and thus the district court improperly resolved a disputed issue of material fact when it determined the change was not material. This argument is unpreserved because Plaintiffs did not make it in the district court. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (text only) (citation omitted)).

**{7}** Plaintiffs argue that the October Judgment was not a clerical amendment governed by Rule 1-060(A) but was instead governed by Rule 1-060(B) because it made a material change when it corrected the name of Plaintiff Anthony Jacob. We are not persuaded.

**{8}** Rule 1-060(A) provides that a court may fix clerical mistakes "arising from oversight or omission" in a judgment. This Court has recognized that the Rule applies "where the court blunder[ed] in execution of a judgment," such as with "transcription and mathematical errors," but "not where the court change[d] its mind." *In re Estates of Hayes*, 1998-NMCA-136, ¶¶ 15-16 (text only). In contrast, Rule 1-060(B)(1) provides that a court may relieve a party from a judgment due to mistake or inadvertence, among other reasons.

**{9}** We conclude, based on the arguments presented by the parties, that the amendment in this case was governed by Rule 1-060(A), rather than Rule 1-060(B), because the amendment was typographical and non-substantive. Plaintiffs argue that the change made in the October Judgment was a material one and that until that change was made there was no enforceable judgment—i.e., that they could not have used the September Judgment to foreclose. To support their position, the only binding authority Plaintiffs cite are two statutes: NMSA 1978, Section 39-1-8 (1983) and Section 39-4-13 (1933).[3]

**{10}** The arguments presented by Plaintiffs regarding the statutes do not convince us that the misspellings here resulted in an unenforceable order. Section 39-1-8 states that a transcript of judgment "shall show," among other things, "the names of the parties." But Section 39-1-8 does not say that the judgment upon which the transcript of judgment is based must spell the names of the parties correctly. Even assuming Section 39-1-8 requires as much, the caption of the September Judgment does include the correctly spelled names of all of the parties; Plaintiffs point to nothing in the record showing that they were unable to obtain a transcript of judgment based on the

---

[3]Plaintiffs discuss two decisions by appellate courts in other states: *Orr v. Byers*, 244 Cal. Rptr. 13 (Ct. App. 1988), and *National Packaging Corp. v. Belmont*, 547 N.E.2d 373 (Ohio Ct. App. 1988). *Orr* holds that a correctly spelled name in an abstract of judgment is material, 244 Cal. Rptr. at 13-14, 17, and *National Packaging* holds that a correctly spelled name is material for a judgment lien, 547 N.E.2d at 375. These cases are inapposite. First, the issue here is the materiality of a correctly spelled name in a judgment—not in an abstract of judgment or judgment lien. The September Judgment and the October Judgment were judgments, not abstracts of judgment or judgment liens. Plaintiffs did not obtain a transcript of judgment until November 3, 2005. While abstracts of judgment and judgment liens are related to judgments, each are distinct and serve separate functions. *See* § 39-1-6 (stating that after a money judgment is issued, a person can request a transcript or abstract or judgment, the recording of which creates a lien); *Curtis Mfg. Co. v. Barela*, 1966-NMSC-112, ¶ 13, 76 N.M. 392, 415 P.2d 361 ("The lien and the judgment, though related, are separate rights."). Second, the materiality of the name in the out-of-state cases relied on by Plaintiffs relate to the recording system and notice. *See Orr*, 244 Cal. Rptr. at 16-17; *Nat'l Packaging*, 547 N.E.2d at 375-76. But Plaintiffs did not preserve any issue relating to the recording system or notice by raising the issue in the district court, *see Benz*, 2013-NMCA-111, ¶ 24, and Plaintiffs have not provided authority that the misspelled name in the September Judgment would give rise to recording or notice problems. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

September Judgment; and Plaintiffs cite no legal authority for the proposition that a transcript of judgment could not have been issued based on the September Judgment. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). We find Plaintiffs' argument regarding Section 39-4-13 unpersuasive for similar reasons. Section 39-4-13 allows a lienholder to foreclose on a lien, but, importantly, says nothing about whether a judgment that includes misspellings of a potential lienholder's name bars creation of a lien or foreclosure on a lien, and Plaintiffs have not cited any authority supporting the conclusion that a misspelling has such an impact. *See Curry*, 2014-NMCA-031, ¶ 28. Based on the arguments presented by Plaintiffs, we are not persuaded that Sections 39-1-8 and 39-4-13 rendered the September Judgment unenforceable. We therefore conclude that the amendment fixed a typographical error under Rule 1-060(A) and that the statute of limitations began to run when the September Judgment was entered.

**{11}**    Although the district court did not rely on Rule 1-060(A) in dismissing Plaintiffs' complaint, Plaintiffs do not appear to contend that applying the right for any reason doctrine would be unfair to them, and we see no unfairness in relying on that doctrine to affirm. *See Freeman*, 2018-NMSC-023, ¶ 30. Some examples of applying the doctrine unfairly are when a party did not have an opportunity to substantiate their claim or controvert facts, *id.* ¶ 34, or the appellate court affirmed the claims on factually dependent grounds that were not found by the district court, *Paz v. Tijerina*, 2007-NMCA-109, ¶ 25, 142 N.M. 391, 165 P.3d 1167. Here, Plaintiffs argued to the district court that the September Judgment was unenforceable and they had the opportunity to provide legal and factual support for that argument but failed to do so. Whether the statutory period had expired has been an issue since very early in the litigation when Defendants moved to dismiss. Later, in the motion that the district court treated as a summary judgment motion, Defendants argued that the October Judgment "in no way controls or substitutes for the [j]udgment entered September 9, 2005," and that the court "deemed it appropriate to make a simple clerical correction" via the October Judgment. Plaintiffs then asserted—without citation to authority and without supporting evidence— that the September Judgment was unenforceable. Under these circumstances, we believe it is fair to rely on the right for any reason doctrine to affirm the district court's ultimate conclusion that Plaintiff's claim is time barred.[4]

---

4Plaintiffs present an alternative argument that the October Judgment was a "new action" on which the statute of limitations would run. Specifically, Plaintiffs argue that their letter request to the district court in 2005 amounted to "an independent action separate and distinct from the original suit" and the relief they sought was "an entirely new judgment." *Cadle Co. v. Seavall*, 2019-NMCA-062, ¶ 14, 450 P.3d 471. We conclude that Plaintiffs failed to preserve this argument. Plaintiffs never argued to the district court that when Plaintiffs requested an amended judgment in 2005 by sending a letter to the district court asking for the name on the September Judgment to be corrected, they were pursuing an independent action that was separate and distinct from the pending suit. *See id.* Because the issue is not preserved and because Plaintiffs have not asked us to apply any exception to the preservation requirement, *see* Rule 12-321 NMRA, we decline to address the merits of Plaintiffs' argument. *See Benz*, 2013-NMCA-111, ¶ 24.

## II. Plaintiffs Have Not Established That the District Court Committed Other Errors That Require Reversal

**{12}** Plaintiffs argue that the district court erred by dismissing Plaintiffs' complaint as a sanction for their failure to timely respond to Defendants' alternative argument for dismissal; failing to review Plaintiffs' motions for extension of time to respond to Defendants' motion to dismiss even though Plaintiffs' motions were timely and supported by good cause; and failing to identify and apply the appropriate test before denying Plaintiffs additional time for discovery. We see no basis for reversal because even if we concluded that the district court erred in the ways Plaintiffs claim it did, none of the claimed errors pertain to the dispositive issue here: when the statute of limitations began to run. The district court's order indicates that it did not grant summary judgment based on the timing of Plaintiffs' motions to extend the time to respond to Defendants' motion to dismiss or as a sanction but instead based on the statute of limitations. And Plaintiffs did not ask for extended time or additional discovery for the purpose of addressing the statute of limitations issue but instead to address an alternative argument raised by Defendants. Because the claimed errors have no bearing on the statute of limitations issue, they provide no basis for reversal.[5]

## CONCLUSION

**{13}** We affirm.

**{14} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**

---

[5]Plaintiffs also contend that these claimed errors resulted in cumulative error that deprived Plaintiffs of a fair trial. Because we can identify no prejudice resulting from any of the claimed errors, the doctrine of cumulative error does not support reversal. *See Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 57, 127 N.M. 47, 976 P.2d 999 ("Reversal may be required when the cumulative impact of errors during a trial is so prejudicial that a party was denied a fair trial.").